Filed April 17, 1884.

94   565
f167   393

### No. 11,141.

### MORRIS *v.* THE STATE, EX REL. CRAWFORD.

MANDAMUS.—*Amendment of Complaint and Writ.*—*Abatement.*—In a proceeding for a mandate, where an amended complaint is filed in the name of the State, it is proper to amend the writ accordingly, and no error was committed in refusing to quash the writ or in sustaining a demurrer to a plea of abatement to such writ because of such amendment.

JUSTICE OF THE PEACE.—*Office and Officer.*—*Election and Appointment.*—Where three persons were elected to the offices of justice of the peace, in a certain township, at the April election, 1882, one of whom qualified to succeed himself, on the 15th day of April, 1882, another failed to qualify, and the incumbent of the third resigned and was appointed to fill the vacancy occasioned by the failure of the second to qualify, and took possession of the books and papers pertaining to the former officer.

*Held,* that when the remaining justice qualified he became entitled to the office books and papers pertaining thereto, formerly held by such appointee.

PRACTICE.—*Verdict.*—*Instructions.*—*Harmless Error.*—Where, upon the material and undisputed facts in the case, the verdict could not have been otherwise, the Supreme Court will not inquire whether a challenge to a juror was improperly overruled, nor whether instructions were erroneously given or refused, as such errors would not reverse the judgment.

SAME.—*Discretion as to Admission of Evidence.*—After the parties have rested it is in the discretion of the court to admit other evidence; for this purpose it is unnecessary to set aside the submission, but this is not necessarily erroneous.

From the Harrison Circuit Court.

*W. N. Tracewell* and *R. J. Tracewell,* for appellant.
*W. T. Zenor* and *S. J. Wright,* for appellee.

BEST, C.—This proceeding was by mandate to compel the appellant, a justice of the peace, to deliver to the relator, also a justice of the peace, certain books and papers, to the custody of which the latter was entitled, as is alleged, by virtue of his office.

An alternative writ was issued which recited, in substance, that the appellant was a justice of the peace of Harrison township, Harrison county, in this State, and that his term of office expired on the 5th day of November, 1882; that at the preceding April election the relator was elected, commissioned and qualified as the appellant's successor, and on the 6th day of November, 1882, demanded of him the books and papers belonging to said office, but that appellant refused to deliver and still retains the same.

The proceeding was instituted in the name of the relator, and, upon objection made, an amended complaint was filed in the name of the State upon relation, and the writ was amended accordingly and in some other respects. An answer in abatement was filed to the writ as amended, to which a demurrer was sustained.

A return was then made, stating in substance, that three justices were to be elected at the April election in said township, and that the relator, George H. Matthews and Isaac W. Rhodes were each elected at said election as justices of the peace of said township; that said Rhodes failed to qualify, and by reason thereof there was a vacancy in one of said offices in said township; that appellant's office did not expire till the 5th day of November, 1882, and before that time he resided in the town of Corydon, in said township, where he had all the books and papers pertaining to his office; that on the 1st day of November, 1882, he resigned his office, and on the next day the commissioners of said county appointed him a justice of the peace of said township; that he was commissioned and qualified on the 4th day of November, 1882, as such justice, and by virtue of his office and by reason of the fact that he was the nearest jus-

tice to said books and papers he took possession of the same
and still retains the same as such justice.

A reply to this return was filed. The first paragraph was
a general denial, and the second averred, in substance, that two
of the justices of the peace whose successors were to be elected
at said election, viz., the appellant and George H. Matthews,
resided in Corydon, in said township, and the other, James
Cunningham, resided two miles south of said town, in said
township; that the term of office held by said Cunningham
expired on the 16th day of April, 1882, and that said Rhodes
became a candidate and was elected thereto; that George H.
Matthews was a candidate for the office held by himself and
which expired when his successor was elected thereto; that
the appellant and the relator were opposing candidates for the
office then held by the appellant, and that the relator was
elected thereto and was commissioned and qualified for four
years from the 5th day of November, 1882; that said Rhodes,
though commissioned, failed to qualify, and by reason thereof
such office became vacant; that the appellant was appointed
to fill such vacancy, and claims such books and papers by
virtue of such appointment, and not otherwise. ·

A demurrer to the second paragraph of the reply was over-
ruled, the issues were tried by a jury, and a verdict was re-
turned for the appellee. Motions for a *venire de novo* and
for a new trial were overruled, and these various rulings are
assigned as error.

It is not insisted that the court erred in permitting an
amended complaint in the name of the State to be filed. This
having been done, it was proper to amend the writ so as to
correspond with the amendment made. It was also within
the discretion of the court to permit or direct its amend-
ment in other respects, and its refusal to quash the writ be-
cause of such amendments was not error, nor was there any
error in sustaining the demurrer to the answer alleging these
amendments in abatement of the writ.

No valid objection is made in appellant's brief to the sec-

ond paragraph of the reply. It is suggested that this paragraph is a departure, but it is not stated why, and we are unable to assign any reason for such objection. We think it was sufficient, and that the demurrer was properly overruled.

. The motion for a new trial embraces many reasons. Those that have been discussed will alone be considered. The first is that the verdict is contrary to the law and the evidence. The evidence is in the record, and we have examined it carefully. There does not seem to be any dispute about the material facts. The dispute is more a question of law than of fact. The evidence shows that the offices of three of the four justices of the peace of Harrison township, in said county, would expire before the next election after the election of April, 1882; that one of those offices had been held by James Cunningham, who had resigned the same; another was held by George H. Matthews, by appointment, and would expire as soon as his successor should be elected and qualified, and the other was held by the appellant, whose term would expire on the 5th day of November, 1882; that at the election in April, 1882, the relator, George H. Matthews, and Isaac W. Rhodes were elected justices of the peace; that Matthews was commissioned and qualified as such justice to succeed himself on the 15th day of April, 1882; that Rhodes failed to qualify, and by reason thereof there was a vacancy in the office he was elected to fill; that appellant resigned his office on the 1st day of November, 1882, and on the 4th day of said month was appointed a justice of the peace to fill the vacancy created by the failure of Rhodes to qualify; that he was commissioned, qualified, and immediately took possession of the books and papers theretofore used by him as a justice of the peace; that the appellant was commissioned as a justice for four years from the 5th day of November, 1882, qualified, and on the 6th day of said month demanded of the appellant the books and papers of the office theretofore held by him; this demand was refused, and the books and papers re-

tained.   These facts are undisputed, and but one conclusion can be drawn from them.

The commission of Matthews as a justice from the 15th day of April, 1882, and the appointment of appellant to fill the vacancy occasioned by the failure of Rhodes to qualify, left no office for the relator other than the one the appellant had formerly held and to which the books and papers in dispute belong.   Under these circumstances the appellant can not consistently dispute the fact that the relator was elected to succeed him, and we will not inquire whether some evidence offered in support of this fact was or was not properly admitted.   The relator was commissioned as a justice for a term of four years from the 5th day of November, 1882, and as Matthews and the appellant had been commissioned and qualified as justices of the other offices, it follows that the appellant was entitled to this one and to the books and papers pertaining thereto.   The fact that appellant, as the nearest justice, took possession of them did not entitle him to hold them after the relator qualified.   Section 1428, R. S. 1881.

The resignation of the appellant created a vacancy, and if after his appointment he was entitled to take possession of the books and papers, he was not entitled to retain them after the relator qualified, and, therefore, the verdict of the jury was clearly right upon the undisputed facts in the case.

The appellant also insists that the court erred in not sustaining a challenge, for cause, to one of the jurors.   Without holding that such ruling was or was not erroneous, we will merely say that the appellant suffered no injury by such ruling, as upon the material and undisputed facts no other verdict could have been properly returned.

This being the condition of the record the court will not examine the instructions given or refused, as an error in this respect will not warrant a reversal of the judgment.

After the appellee rested, the appellant moved to strike from the relator's certificate of election that portion which purported to show whom he was elected to succeed, on the

ground, among others, that the poll books had not been read in evidence, and to avoid this objection the court, at the appellee's instance, set aside the submission, again submitted the cause to the jury and permitted the poll books to be read without re-swearing the jury. This was unnecessary but not erroneous. The admission of this evidence was in the discretion of the court, and this was all that was done, though done in an unusual and an indirect way. The appellant, however, suffered no injury, so far as we can see, and there is, therefore, no available error in this ruling.

Our attention is also called to the motion for a *venire de novo*, but no reason is assigned why this motion should have been sustained, and we therefore conclude that it was properly overruled.

The conclusion reached renders it unnecessary to consider the cross errors assigned. The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, that the judgment be and it is hereby affirmed, at the appellant's costs.

Filed April 17, 1884.