## CARROLL *v.* GREEN.

[No. 17,801.    Filed May 25, 1897.    Rehearing denied Sept. 23, 1879.]

ELECTION CONTESTS.—*Ineligibility.— Bribery.—Evidence.— Constitution Construed.*—Under the provision of section 6, article 2, of the State constitution that "Every person shall be disqualified for holding office during the term for which he may have been elected, who shall have given or offered a bribe, threat or reward to secure his election," evidence that contestee offered to purchase the vote of witness at the general election at which he was a candidate was admissible in the trial of an election contest on the ground of ineligibility of contestee. *pp. 364, 365.*

CONSTITUTIONAL LAW.—Section 6, article 2, of the state constitution declaring persons elected to office disqualified from holding same by offering a bribe or reward to secure his election is self-executing and needs no legislative enactment to carry it into effect and operation. *p. 364.*

From the Martin Circuit Court.    *Reversed.*

*A. J. Padgett* and *R. L. Ross,* for appellant.

*H. Q. Houghton, James B. Marshall* and *Hiram McCormick,* for appellee.

McCABE, C. J.—The appellant contested the election of the appellee to the office of township trustee of Lost River township in Martin county, both parties being opposing candidates for that office at the general election of November 6, 1894.

The board of commissioners before whom the proceedings were begun sustained a demurrer to the contestor's petition or statement of grounds of contest, refused to allow him to amend it, and rendered judgment against him, from which he appealed to the circuit court. A trial of the contest there resulted in a finding and judgment against the contestant, the appellant, over his motion for a new trial.

Carroll *v.* Green.

The error assigned calls in question the action of the court in overruling the motion for a new trial, and the questions involved in that ruling are the only questions presented by this appeal. During the trial the court refused to allow the appellant to prove that, on the night before the primary election at which appellee was nominated for said office, he went to the house of one John D. Powell, a legal voter in said township, and then and there gave him $2.00 to procure and purchase his vote for appellee at said primary election.

The court also refused to allow the appellant to prove by James Philips that, on the day of said general election whereat said parties were opposing candidates for said office of township trustee for said township, to-wit: on November 6, 1894, the contestee gave said witness three dollars to vote for the said contestee at said election.

The ground of contest stated, under which this evidence was offered, is "that the contestee is ineligible to said office."

The second ground for a contest of an election as provided by the statute is: "When the contestee was ineligible." Section 6312, Burns' R. S. 1894 (4756, R. S. 1881).

Appellee's counsel seek to justify the ruling of the court on the ground that sections 1 and 2 of the act approved March 9, 1889, both require a conviction of the offense defined in each, before it can operate to disqualify or render ineligible a candidate for office. Sections 2327, 2328, Burns' R. S. 1894 (Acts 1889, p. 267).

This court is not agreed at present as to the proper construction to be placed on said section of the statute. But there is a constitutional provision affecting one of the questions involved in this appeal about

which we are agreed. The sixth section of article 2, of the state constitution provides that: "Every person shall be disqualified for holding office during the term for which he may have been elected, who shall have given or offered a bribe, threat, or reward to secure his election." Section 87, Burns' R. S. 1894 (87, R. S. 1881). But it is ineligibility that is made the ground of contest by the statute, and that is the ground stated by the contestant in this case. Soule's Synonyms makes the word "ineligible" synonymous with the word "disqualified." The first definition of the word "ineligible" by Webster is: "Not eligible; not qualified to be chosen to an office." The term disqualified, therefore, as used in the constitutional provision just quoted, means the same thing that the word ineligible means, as used in the statute authorizing a contest.

The term "eligible," as applied to candidates for office, means capable of being chosen; the subject of selection or choice; also implying competency to hold the office if chosen. Constitutional and statutory provisions with reference to eligibility, therefore, are sometimes held to refer to capability of being chosen, as well as capability of holding. 19 Am. & Eng. Ency. of Law, 397, and authorities there cited; *State* v. *Bemenderfer*, 96 Ind. 374; *Carson* v. *McPhetridge*, 15 Ind. 327; *Smith* v. *Moore*, 90 Ind. 294; *Searcy* v. *Crow*, 15 Cal. 118; *People* v. *Leonard*, 73 Cal. 230, 14 Pac. 853.

The great weight of authority is to the effect that a constitutional provision like the one here in question is self-executing and needs no legislative enactment to carry it into effect and operation. *Commonwealth* v. *Walter*, 83 Pa. St. 105, 24 Am. Rep. 154; *Royall* v. *Thomas*, 28 Gratt. (Va.) 130, 26 Am. Rep. 335; *Brady* v. *Howe*, 50 Miss. 607.

There is no crime defined by the constitutional pro-

vision quoted, but certain acts done, namely, giving or offering a bribe to secure election to office, are made to disqualify or render ineligible the person so doing to hold the office.

Therefore the circuit court erred in refusing to allow the appellant to prove that appellee had, on the election day, paid James Philips three dollars to vote for him for said office of township trustee. If it be true that he did so, that disqualified appellee from holding the office, and therefore rendered him ineligible.

Therefore the circuit court erred in excluding the second item of the offered evidence, and hence erred in overruling the motion for new trial, assigning such exclusion as one of the reasons therefor.

The judgment is reversed, and the cause remanded, with instructions to grant a new trial and for further proceedings in accordance with this opinion.