# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1903, AND MAY TERM, 1904, IN THE EIGHTY-EIGHTH YEAR OF THE STATE.

162 1
f167 387

GRAY *v.* SEITZ.

[No. 20,146.   Filed January 14, 1904.]

OFFICERS.—*Disqualification.*—*Bribery at Primary Election.*—*Constitutional Law.*—The provision of §6, article 2, of the Constitution that "Every person shall be disqualified for holding office for the term for which he may have been elected, who shall have given or offered a bribe, threat, or reward, to secure his election" applies only to bribes, threats, or rewards given or offered to secure the election of a candidate at a final or popular election, and does not apply to bribery by a candidate for nomination to office at a primary election.   pp. 1-6.

SAME.—*Disqualification.*—*Bribery at Primary Election.*—*Conviction.*—Ineligibility to office imposed by §2327 Burns 1901 upon a candidate for nomination "who loans, pays, or gives, or promises to loan, pay, or give any money, or other thing of value to any delegate or elector, or any other person for the purpose of securing the vote or influence of such delegate, elector, or person, for his nomination," etc., can only be enforced after the applicant for office has been duly charged with, and convicted of, the misdemeanor created by the statute.   pp. 1-6.

From Brown Circuit Court; *W. J. Buckingham,* Judge.

Action by Arthur L. Gray against John B. Seitz. From a judgment in favor of defendant, plaintiff appeals. *Affirmed.*

*W. C. Duncan, Anderson Percefield* and *Marshall Hacker,* for appellant.

*R. W. Miers, Edwin Corr, D. K. Miers, H. C. Duncan, I. C. Batman* and *W. M. Waltman,* for appellee.

Dowling, J.—Appellant and appellee were opposing candidates for the office of county auditor of Brown county at the general election held in November, 1902. The appellee received 1,019 of the legal votes cast at that election, and the appellant 615 of such votes. The appellant, within the time fixed by law, gave notice of his intention to contest the election of the appellee, and filed his statement of the grounds of such contest in the office of the clerk of Brown county. The board of commissioners of said county was thereupon convened to try the cause, and the appellee appeared to the action. On the motion of the appellee the proceeding was dismissed by the board on account of the insufficiency of the facts stated to constitute a cause of action. An appeal from this judgment was taken to the Brown Circuit Court, where the motion to dismiss was renewed. The court sustained the motion, and rendered judgment for the appellee.

The error assigned is upon the ruling on the motion to dismiss.

The ground of contest was the alleged ineligibility of the appellee to the office at the time of the election, and at the time of the commencement of the term thereof, for reasons which are thus stated in the complaint: "That on the 15th day of November, 1901, the democratic party of Brown county, Indiana, held a primary election in said county for the purpose of nominating county candidates for the offices of said county to be voted for on the 4th day of November, 1902, and the contestee and one John C. Ross were, and had been for more than three months theretofore, opposing candidates for the nomination of county auditor of said county; that said Ross was a qualified elector of said county, and was eligible to said office; that on the 15th day of October, 1901, the said Ross and the said Seitz were the sole candidates for said nomination; that Commodore P. Hanna and Isaac Tabor were qualified voters of said county, and supporters of said Ross for said

nomination, and had been for more than three months theretofore; that theretofore, on the 15th day of October, 1901, the said contestee entered into an agreement with said Hanna and Tabor, acting for themselves and for said Ross, that, in consideration of the withdrawal of John C. Ross as an opposing candidate for the nomination of county auditor at said primary election, and that the said Hanna and Tabor would use their influence with the electors of said county for said John B. Seitz as a candidate for said office, and would discourage and dissuade any other elector of said county from becoming a candidate for said nomination for said office in opposition to said John. B. Seitz at said primary election, the said contestee would pay to said Ross the sum of $300 ninety days after date; that on the said 15th day of October, 1901, the said contestee, pursuant to said agreement, did execute to said Ross his certain promissory note of that date, with William H. Seitz as surety thereon, in the sum of $300, payable ninety days from the date thereof, of which the following is a copy: '$300. Ninety days after date, we promise to pay to the order of John C. Ross at Nashville, Ind., $300. Value received without any relief from valuation or appraisement laws, with interest at eight per cent. per annum from date until paid, and attorney's fees. The drawers and indorsers severally waive presentment for payment, protest, and notice of protest, and nonpayment of this note. [Signed.]        John B. Seitz. William H. Seitz."

The supposed acts of bribery consisted in procuring the withdrawal of Ross as an opposing candidate for the nomination for county auditor at a democratic primary election held November 15, 1901, and in entering into an agreement with Hanna and Tabor, electors of said county, by which they undertook to use their influence with the other electors of said county for the said John B. Seitz as a candidate for the office of county auditor, and to discourage and dissuade any other elector of said county from becom-

ing a candidate at said primary election for nomination to said office in opposition to said Seitz, in consideration of which withdrawal of said Ross and the said services of the said Hanna and Tabor, the appellee, on October 15, 1901, executed his promissory note for $300 payable to said Ross ninety days after its date.

It is insisted by appellant that these proceedings rendered the appellee ineligible to the office of county auditor, to which he was elected, under §6, article 2, of the Constitution of this State, and also under §2327 Burns 1901, defining and punishing the offense of bribery at primary elections. The provision of the Constitution, *supra,* is as follows: "Every person shall be disqualified for holding office during the term for which he may have been elected, who shall have given or offered a bribe, threat or reward to secure his election." And §2327, Burns 1901, declares that, "Any person being a candidate for nomination to any office of profit or trust under the Constitution or laws of this State, or of the United States, before any convention held by any political party, or at any primary election, who loans, pays, or gives, or promises to loan, pay or give any money or other thing of value to any delegate or elector, or any other person, for the purpose of securing the vote or influence of such delegate, elector, or person, for his nomination, and whoever hires or otherwise employs for consideration any person to work for the nomination of any person to any office, or to work for the selection of any delegate to be chosen at any party convention or primary election, shall, *upon conviction thereof,* be fined in any sum not more than $500, and disfranchised and rendered incapable of holding any office of profit or trust within this State for any determinate period, and if nominated shall be ineligible to hold such office."

Section 6, article 2, of the Constitution, and §2327, *supra,* are highly penal, and must be strictly construed as against the persons who are sought to be subjected

to the penalties and forfeitures imposed. It seems perfectly clear that §6, article 2, of the Constitution applies only to bribes, threats, or rewards given or offered to secure the election of a candidate at a final or popular election. No mention is made of a primary election, and the language used refers exclusively to the election by virtue of which title to the office is claimed. Section 2327, *supra,* renders any person ineligible to any office, for the nomination for which he is a candidate at any primary election, who loans, pays, or gives, or promises to loan, pay, or give, any money or other thing of value to any delegate or elector, or any other person, for the purpose of securing the vote or influence of such delegate, elector, or person for his nomination; or who hires or employs for a consideration any person to work for the nomination of any candidate for any office to be chosen at a primary election.

The complaint charges that in consideration of the withdrawal of Ross, the opposing candidate for the nomination for county auditor at the primary election, and the agreement of Hanna and Tabor, on behalf of themselves and Ross, to use their influence with the electors of the county for the appellee, and to discourage and dissuade any other elector of the county from becoming a candidate for the nomination for county auditor at said primary election in opposition to the appellee, the latter agreed to pay to Ross $300 and execute his note, with surety, for said sum.

The agreement alleged to have been entered into by the appellee with Hanna, Tabor, and Ross, fell under the prohibition of §2327 of the statute. It included an express promise, in writing, by the appellee, who was a candidate for nomination to an office of trust and profit at a primary election, to pay $300 in money to Ross, an opposing candidate, for the purpose of securing his withdrawal from the race, and the influence and services of Hanna and Tabor for the nomination of the appellee.

But the unlawful agreement did not of itself render the appellee ineligible to the office to which he was afterwards elected. It is true that ineligibility to hold the office to which the person violating §2327, *supra*, is chosen, is declared to be one of the penalties for the violation of the section. These penalties, however, attach only to one who has been duly charged with, and convicted of, the misdemeanor created by the statute. It is expressly declared that, "upon conviction thereof" the person violating the statute "if nominated shall be ineligible to hold such office." The provision of the statute differs materially from §6, article 2, of the Constitution. The latter makes the fact that the candidate at a popular election has given or offered a bribe, threat, or reward to secure his election an absolute disqualification for holding the office for the term for which he may have been elected. It has been said to be "self-executing." *Carroll* v. *Green*, 148 Ind. 362. The penalty of the statute becomes effective only after trial, conviction, and judgment.

We express no opinion in regard to any objections which may be taken to §2327, *supra*, but hold that the complaint was insufficient because it failed to allege that the appellee had been adjudged guilty of a violation of its provisions. The pleading was not good under any other section of the statute.

The court did not err in sustaining the motion to dismiss the action. Judgment affirmed.