## ·TINKLE *v.* WALLACE.

[No. 20,662.   Filed November 27, 1906.]

1.   ELECTIONS.—*Contest.—Township Trustee.—Bribery.—Constitutional Law.*—Under article 2, §6, of the Constitution, providing: "every person shall be disqualified for holding office, * * * who shall have given or offered a bribe, threat or reward to secure his election," and §6312 Burns 1901, §4756 R. S. 1881, providing that any election may be contested on the ground that the contestee is ineligible, the election of a township trustee may be contested because of his bribing or offering to bribe an elector.   p. 385.

2.   SAME.—*Contest.—Statement of.—Constitutional Law.—Statutes.*—A statement of an election contest showing that the contestee (1) gave, and (2) offered to give bribes and rewards to electors to secure his election is based upon article 2, §6, of the Constitution and not upon §2328 Burns 1901, Acts 1889, p. 267, §2, providing that any candidate offering a bribe shall be fined and disfranchised.   p. 386.

3.   WORDS AND PHRASES.—*"Bribe."*—A "bribe," as used concerning elections, means any gift, advantage or emolument offered, given or promised to any elector to influence his conduct or vote.   p. 386.

4.   ELECTIONS.—*Contest.—Statement of.—Constitutional Law.*— A statement of an election contest showing that the contestee (1) gave and (2) offered to give bribes to electors to secure his election is grounded upon the constitutional provision (Art. 2, §6), rendering any candidate ineligible who gives or offers to give a bribe to secure his election, although such statement details the giving and offering of such bribes with the particularity required under §2328 Burns 1901, Acts 1889, p. 267, §2, providing that such acts shall constitute a crime.   p. 386.

Tinkle *v.* Wallace—167 Ind. 382.

5. ELECTIONS. — *Candidates.—Eligibility.—Bribery.—Conviction.* —A candidate convicted of bribery is, *ipso facto*, rendered ineligible to accept a public office or to retain one already possessed.   p. 387.

6. SAME.—*Contest.—Civil.—Criminal Prosecution.*—A criminal prosecution and conviction is not a condition precedent to the right of an elector to contest the election of a candidate, but the State or an elector has the right to proceed therein independently.   p. 387.

7. CONSTITUTIONAL LAW.—*Elections.—Candidates.—Disqualification.*—The constitutional provision (Art. 2, §6), disqualifying from holding office any candidate bribing or offering to bribe an elector, is self-executing and needs no legislative enactment to carry it into effect.   p. 389.

8. EVIDENCE. — *Circumstantial. — Bribery. — Identification of Briber.*—Evidence that the witness was called from his house in the night and given $1 and promised certain work by a person giving his name as that of the candidate for township trustee, is admissible in an election contest, although the witness was unable to identify such candidate as the man who committed such act.   p. 389.

9. SAME.—*Identification.—Failure of.—Motion to Strike Out.*— Where circumstantial evidence is introduced tending to show the commission of an act by defendant, but the evidence is not sufficient to connect defendant with the commission thereof, a motion to strike out such evidence should be made.   p. 390.

10. SAME.—*Sufficiency.—Question for Jury.*—Where a witness testifies that he was bribed by a person representing himself to be the defendant, and the defendant denies any knowledge thereof and produces a witness who testifies that he (such witness) gave such bribe without defendant's knowledge, defendant's guilt is a proper question for the court or jury.   p. 391.

11. SAME.—*Bribery.—Intentions.*—In an action to contest an election, the intent of the taker of a bribe is not material evidence, the intent of the giver being admissible as characterizing the transaction.   p. 391.

12. SAME.—*Bribery.—Advice.—Elections.—Contest.*—Where defendant in a contested election case was challenged "for using money to influence voters" the court's refusal to permit him at the trial to answer the question: "Did you request Mr. Cady or Mr. Curd to seek the advice of anybody else?" (concerning the making of an affidavit enabling him to vote) is harmless error.   p. 391.

13. SAME.—*Failure to Vote when Challenged for Bribery.—Explanations.*—Defendant, in the trial of an election contest, may

explain his reasons for his failure to vote at the election when challenged "for using money to influence voters." p. 392.

14. ELECTIONS.—*Questions.*—*Offers of Proof.*—*Trial.*—To present any question on appeal concerning the exclusion of evidence, proper questions must be asked the witness and offers of proof, responsive to such questions, made. p. 392.

15. TRIAL. — *Evidence.* — *Original.* — *Rebuttal.* — *Discretion of Court.*—*Appeal and Error.*—The admission of original evidence in rebuttal is within the discretion of the trial court, such discretion being reviewable on appeal only for abuse. p. 393.

16. JUDGMENT. — *Finding.*—*Elections.*—*Contest.*—*Candidates.*—*Bribery.*—A finding in an election contest, that the contestee bribed divers electors of his township to vote for him for township trustee sustains a judgment declaring such office vacant. p. 393.

17. APPEAL AND ERROR.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting. oral evidence. p. 394.

From Marion Circuit Court (13,749); *Robert W. McBride,* Special Judge.

Election contest by William J. Wallace against Warren E. Tinkle. From a judgment for the contestor, contestee appeals.. *Affirmed.*

*Spencer & Spencer, Doan & Orbison* and *Frederick W. Cady,* for appellant.

*Oliver H. Carson* and *Hawkins, Smith & Hawkins,* for appellee.

MONTGOMERY, C. J.—This action was commenced by appellee, as an elector, to contest the election of appellant to the office of township trustee of Perry township, Marion county. The cause was tranferred by appeal from the board of commissioners to the circuit court, where a trial resulted in a judgment declaring appellant's election null and void, and said office vacant.

We are called upon to review alleged errors in overruling (1) appellant's demurrer to the statement of contest, and (2) his motion for a new trial.

It is specifically alleged in the several paragraphs of the statement of contest that appellant gave intoxicating liquors, loaned, gave, and offered to give, money, offered to

procure employment, and gave and offered bribes and rewards to certain named electors of said township for the purpose of influencing their votes, and to induce them to work for the election of appellant to said office.

Appellant's counsel contend that this statement is founded upon §2328 Burns 1901, Acts 1889, p. 267, §2, which reads as follows: "Whoever, being a candidate for any office, loans or gives directly or indirectly, or offers or promises to loan or give any money or other thing of value to any elector for the purpose of influencing or retaining the vote of such elector, or to induce such elector to work or labor for the election of such candidate, or to refrain from working or laboring for the election of any other candidate, or to any person to secure or to retain the influence or vote of such elector in his behalf as such candidate, or to be used by such person in any way to influence the vote of any elector, or of electors generally, for himself or any candidate or ticket, and whoever hires or otherwise employs for consideration any person to work at the polls on election day for the election of any candidate to be voted for at such election, shall be fined in any sum not more than $1,000 nor less than $300, and shall be disfranchised and rendered incapable of holding any office of profit or trust within this State for any determinate period, and a violation of any provision of this section by any person elected to such office shall render his election void, and if he has taken the office, upon conviction, shall operate as a vacation of the same." It is argued that the statement is insufficient for the reason that no allegation is made that appellant had been convicted in a criminal proceeding of a violation of the provisions of this statute.

The Constitution of this State prescribes a civil penalty to be imposed upon the successful candidate for office guilty of bribery in securing his election, in the following terms: "Every person shall be disqualified for holding office during the term for which he may have

been elected, who shall have given or offered a bribe, threat or reward to secure his election." Const., Art. 2, §6. The statutes prescribing the causes of contest and the mode of procedure provide that any election may be contested on the ground that the contestee is ineligible. §6312 Burns 1901, §4756 R. S. 1881.

It has been expressly held by this court that if a candidate for township trustee gives or offers to give a bribe or reward to secure his election to such office, he will thereby be rendered ineligible, by the terms of the Constitution, to hold such office, and his election may be contested on that ground. *Carroll* v. *Green* (1897), 148 Ind. 362.

The original statement of contest in this case charged that appellant (1) gave, and (2) offered to give, bribes and rewards to duly qualified electors of said township eligible to vote at said election to secure said contestee's election. It is altogether plain that appellee was then basing his contest upon the disqualification of appellant to hold the office because of alleged violations of the constitutional provision. Upon appellant's motion and insistence the court ordered this statement to be made more specific and definite. It was accordingly amended by filing a supplementary statement describing the means by which appellant was charged with attempting to influence unlawfully the votes of certain named electors. This supplementary statement closely followed the language of §2328, *supra.*

A bribe, as applied to the subject under consideration, may be defined as any gift, advantage, or emolument offered, given, or promised to an elector to influence his conduct or vote. The Constitution disqualifies the briber, and makes him ineligible to hold the office which he covets and attempts to obtain by such unlawful influence. It is clear to our minds that this contest is still grounded upon the constitutional provision above quoted. The fact that the particular offenses relied upon were through appellant's procurement

described in the language of a criminal statute defining bribery, and prescribing penalties therefor, does not make the acts, if true, any the less bribery within the meaning of the constitutional provision, or make a criminal prosecution by the State the only method of determining appellant's right to the office.    It is undeniably true that the State may, on its own initiative, prosecute any candidate for office accused of bribery, and if he be declared elected a conviction would *ipso facto* nullify such election, and if already in possession of the office such conviction would render the same vacant.    A criminal prosecution and conviction is not a condition precedent to the maintenance of a civil proceeding by an elector to contest an election to the office of township trustee on account of bribery in securing such election. *Carroll* v. *Green, supra; Gray* v. *Seitz* (1904), 162 Ind. 1.

In support of their contention appellant's counsel rely upon the cases of *State, ex rel.,* v. *Humphries* (1889), 74 Tex. 466, 12 S. W. 99, 5 L. R. A. 217, and *Commonwealth* v. *Jones* (1874), 10 Bush (Ky.) 725.    It is provided among other things in the constitution of Texas, "that every person shall be disqualified from holding any office of profit or trust in this state, who shall be convicted of having given or offered a bribe to procure his election or appointment."    The Texas supreme court, after setting out this provision, said: "If therefore it should be held that the act of the respondent was within the meaning of the law an offer to bribe the voters, it follows from the section quoted that he could not be deprived of the office until he had been convicted of the offense in a court of competent jurisdiction, and in a proceeding instituted and prosecuted according to the provisions of our code of criminal procedure."    The material difference in the constitutional provisions of Texas and of this State is apparent.

The constitution of Kentucky, in force at the time of the decision under consideration, provided, that any person

who should give, accept, or knowingly carry a challenge to fight a duel with a citizen of the state should be deprived of the right to hold any office of honor or profit in that state. In the case of *Commonwealth* v. *Jones, supra,* the defendant was indicted in two counts, under the following statute: "If any person shall usurp any office established by the constitution or laws of this commonwealth, or shall knowingly hold or pretend to exercise such office after his election or appointment thereto shall have been declared by a court of competent jurisdiction illegal or void, or after his term of office has constitutionally and legally expired, he shall be guilty of a misdemeanor, and fined in a sum not less than $500 nor more than $1,500." The first count of the indictment charged that Jones accepted a challenge to fight a duel, and thereby disqualified himself from holding office, and afterwards usurped the office of clerk of the court of appeals. The second count charged that he accepted such challenge, and continued to hold said office, after his election had been declared illegal by a contesting board organized to try the question, which board was alleged to be a "court of competent jurisdiction," etc. The court of appeals held that the constitutional provision was not self-executing, and that a citizen could not be "deprived" of his right to hold office except after a trial and judgment by a judicial tribunal. The first count was held to be insufficient for want of any averment that the fact of his having accepted such challenge had been judicially ascertained, and he had thereby been deprived of his right to hold office. The second count was overthrown upon the ground that said contesting board, composed of officers charged with the performance of executive and ministerial duties, was not a court. In connection with the discussion of judicial and *quasi*-judicial functions the court said on page 749: "But we regard it as an indisputable proposition that where the inquiry to be made involves questions of law as well as fact, where it affects a legal right, and

where the decision may result in terminating or destroying that right, the powers to be exercised and the duties to be discharged are essentially judicial, and are such as cannot constitutionally be delegated to or imposed upon executive officers." In the course of the discussion the court said that, if instead of the words "shall be deprived" the word "ineligible" or the phrase "shall not be eligible" had been used, some of the difficulties attending the argument to show the provision to be self-executing would have been obviated.

We have already said that this proceeding is not based upon §2328 Burns 1901, Acts 1889, p. 267, §2, of the statutes, but upon §6, article 2, of the Constitution of this State, and this holding did not make it absolutely necessary to distinguish State, ex rel., v. Humphries, supra, and Commonwealth v. Jones, supra, relied upon by appellant. It has been held by this court that the provision of our Constitution under consideration is self-executing, and needs no legislative enactment to carry it into effect and operation. Carroll v. Green, supra. The decision of our court is in harmony with the holdings in the following cases upon somewhat similar provisions: Commonwealth v. Walter (1876), 83 Pa. St. 105, 24 Am. Rep. 154; Royall v. Thomas (1877), 28 Gratt. (Va.) 130, 26 Am. Rep. 335; Brady v. Howe (1874), 50 Miss. 607; French v. Senate (1905), 146 Cal. 604, 80 Pac. 1031, 69 L. R. A. 556. It follows that the statement of contest was sufficient and the circuit court did not err in so holding.

In the motion for a new trial complaint is made of the admission of the testimony of Emanuel Hart, for the reason that he did not positively connect appellant with the transaction detailed. Mr. Hart testified that about two weeks before the election a man came to his home, after dark, called him out behind the barn; said he was Mr. Tinkle, and told him what office he was running

for, gave him $1, and promised him a job at the school-house in case he were elected. He further testified that he did not know Mr. Tinkle personally, and had never seen him prior to that time. The court pointing to Mr. Tinkle, the appellant, asked whether he was the man, and the witness said: "Well, now, it was in the night, I reckon that must be the man; he told me his name was Mr. Tinkle." The statement of contest charged that appellant had given money to Hart, and offered to procure employment for him, for the purpose of influencing his vote. It was not indispensably necessary to prove that the bribery charged was done by the contestee in person, but the offense might be committed by others at his instance and request. Circumstantial evidence was as competent as direct proof to establish the charge, and appellee was entitled to introduce any evidence tending to prove the allegations made, in any order he might choose to adopt. The transaction detailed constituted the res gestae of that specification of the charge relating to Hart, and it was not essential to the admissibility of the evidence that the witness should first positively identify the persons making the proposals in appellant's name. The completeness and certainty of the identification would affect the weight of the evidence rather than its admissibility. The alleged bribery was committed in appellant's behalf and in his name, and under such proved circumstances as clearly justified the court in receiving the evidence at the time it was offered. *People* v. *Stanley* (1894), 101 Mich. 93, 59 N. W. 498; *Bulkeley* v. *Butler* (1824), 2 B. & C. 434.

If, when all the evidence was in, appellant was not so identified or connected with the transaction as to entitle it to be considered, a motion to strike out all evidence upon the subject should have been made. 3 Wigmore, Evidence, §1871.

9.

In the course of the proceeding, appellant, as a witness in his own behalf, denied all knowledge of the transaction

in question, and produced another witness who admitted that he was the person who visited Hart and gave him the $1, and declared that he did it on his own responsibility. The evidence offered in support of the issue of fact tendered by the charge of bribery relating to Hart, and appellant's answer in denial thereof, was rightly heard by the court, and it must be presumed that he properly weighed the testimony submitted. No error was committed by the court in this respect.

Appellant's counsel asked the witness Hart, upon cross-examination, the following question: "What did you take that $1 for?" To this question appellee objected, and the objection was sustained. In support of their contention that this evidence was admissible, appellants invoke the rule that, where intent is the gist of an alleged offense or a material element in a transaction, a party on trial involving such offense or transaction may, as a witness in his own behalf, testify to his intent, as declared in the case of *Greer* v. *State* (1876), 53 Ind. 420, and in a number of more recent cases. The witness Hart was not on trial in this proceeding, and his unexpressed reason or motive for receiving the offered money was not in issue. The intent and purpose of the giver of the money may have been material, if given by or at the instance of appellant, and such intention was for the determination of the court from what was said and done in connection with the payment of the money and in the light of all attendant circumstances given in evidence, including the testimony of the giver as to his intention, if he elected so to testify.

Appellee introduced evidence showing that at 6 :15 o'clock a. m. on election day appellant presented himself at the polls as a voter, and upon offering to vote was challenged "for using money to influence voters;" that he was directed to stand aside, and get from the inspector a blank affidavit provided for in §2331 Burns 1901, Acts 1889, p. 267, §5, which he did; that he read the affidavit,

consulted with his attorney, who was present, then drove off to other places in the township, and did not make the affidavit, or again offer to vote, or at any time make any explanation of his failure to vote.

Appellant was a witness in his own behalf, and while upon the stand his counsel asked him the following question: "Did you request Mr. Cady or Mr. Curd to seek the advice of anybody else?" An objection to the question was made, and thereupon appellant offered to show that he sought advice of the county chairman as to the form of affidavit he would be required to make in order to vote, and sent a messenger for that information; and, also, in the same manner sought such advice and information from Mr. Spencer, an attorney. Appellee's objection was sustained, and the ruling is relied upon as an error. The responsive answer to the question propounded would have been either yes or no. The failure of appellant to vote when challenged for bribery, or to make the proper affidavit in denial of the charge, or otherwise to speak at the time in response to the accusation, was shown as in the nature of an admission of guilt. We think appellant had the right in his own defense to give his version of this incident, and his reasons for the course of conduct adopted, in order to refute or qualify the force of the alleged admission. The purpose of the question having been disclosed by the offer made, its relevancy was apparent, and appellant should have been permitted to answer it. The answer to this question, however, standing alone, would have no weight in determining the question at issue, and its absence is accordingly of no consequence. The proof offered was not responsive to the question propounded, but very much broader, and yet it did not purport to show that appellant obtained the advice sought, or that his conduct was influenced by any such counsel or advice. It is a familiar rule of practice that pertinent and appropriate questions, designed to elicit the evidence de-

sired, must be asked of a witness upon the stand, and timely offers of the proof to be elicited in response thereto made, in order to present to an appellate court an alleged error on account of the exclusion of such evidence. Elliott, App. Proc., §746; Ewbank, Ind. Trial Ev., §286. The question argued by counsel is not presented by the record, and no error on account of the exclusion of evidence is shown.

Complaint is also made that appellee's witness Luther Tex testified to original matter in rebuttal. Conceding this to be true, it does not constitute reversible error.

15. The admission of additional evidence, or evidence out of its regular order, is within the discretion of the trial judge, and to make such action erroneous it must be made to appear that the court abused this discretion. *Miller* v. *Dill* (1898), 149 Ind. 326, 335; *Ellison* v. *Branstrator* (1899), 153 Ind. 146, 157; *Stewart* v. *Smith* (1887), 111 Ind. 526; *Morris* v. *State, ex rel.* (1884), 94 Ind. 565, 570.

It is suggested that the finding did not authorize the judgment that the office was vacant. The finding was general, and not special, and it was found that the

16. allegations of the statement of contest were true and fully proved, and, proceeding, it is shown by the record that "the court further finds, however, that prior to said election, and after said contestee had been nominated as a candidate for said office, and, as such candidate, said contestee did, as charged in said statement of contest, offer and give bribes and rewards, and offer and give money and other things of value, and offer and promise to loan and give money and other things of value to sundry and divers qualified electors of said township, eligible to vote at said election, to secure said contestee's election, and for the purpose of influencing and retaining the votes of such electors and to induce such electors to work and labor for the election of said contestee to said office; that said contestee gave money and other things of value to divers and sundry per-

sons to secure and retain the influence and votes of duly qualified electors of said township eligible to vote at said election in behalf of said contestee as such candidate, and to be used by such persons to influence the votes of such electors in behalf of said contestee; that said contestor is entitled to have his said contest of the election of said contestee sustained." This finding is clearly sufficient to uphold the judgment rendered, and appellant is in no position to complain because the court did not find and adjudge that some opposing candidate was entitled to the office, if it were admitted that in this proceeding such a finding and judgment were allowable, which we are not to be understood as admitting or intimating to be the law.

The sufficiency of the evidence to sustain the decision is earnestly discussed and urged upon our consideration. The underlying reasons have been frequently stated 17.    and the rule is firmly established, precluding this court from weighing conflicting oral testimony. *Parkison* v. *Thompson* (1905), 164 Ind. 609; *Hudelson* v. *Hudelson* (1905), 164 Ind. 694. In cases of this character, the credibility of witnesses is deeply involved, and the illegality of acts charged is seldom susceptible of positive proof, but must be inferred from other facts and circumstances shown by the evidence. It is manifest that we are in no position justly to weigh such evidence, even though the rules of law permitted us to attempt such a task. Without attempting to determine the preponderance, we find sufficient evidence in support of the charges to sustain the conclusion of the trial court, and, under these circumstances, are not warranted in disturbing the judgment.

The judgment is therefore affirmed.