## DOERING v. DAVENPORT.

[No. 6,765. Filed March 9, 1910.]

1. APPEAL.—*Weighing Evidence.*—The Appellate Court cannot weigh conflicting oral evidence. p. 466.
2. APPEAL.—*Affirmance.—Insufficient Evidence.*—A judgment sustained by some evidence upon every material point, will not be disturbed, on appeal, on the ground that it is not supported by the evidence. p. 467.

3. SET-OFF AND COUNTERCLAIM.—*Judgment.—Motion to Modify.*—
A motion to modify a judgment by striking out defendant's judg-
ment on his set-off on the ground that a judgment on a set-off
cannot be rendered for a less amount than the judgment for the
plaintiff, should be overruled.  p. 468.

From Elkhart Circuit Court; *James S. Dodge,* Judge.

Suit by John H. Doering against William Davenport.
From a decree entered, plaintiff appeals.  *Affirmed.*

*Oscar Jay,* for appellant.
*Frank W. Brown,* for appellee.

MYERS, C. J.—Appellant sued appellee to enforce pay-
ment of a certain promissory note, to foreclose a chattel
mortgage securing the payment of said note, and on an open
account.  The appellee answered by general denial and
set-off.  Reply in denial.  The issues thus formed were sub-
mitted to the court for trial, resulting in a finding in favor
of appellant in the sum of $153.77, and foreclosure of the
chattel mortgage, and in favor of appellee on his answer of
set-off in the sum of $143.25.

The errors assigned relate to the overruling of appellant's
motion for a new trial, and the overruling of his motion to
modify the judgment.

Appellant, in support of his motion for a new trial, in-
sists that the decision of the court was not sustained by
sufficient evidence and was contrary to law.  This in-
sistence is tendered only to the decision of the court
on the issue presented by the answer of set-off.  Upon
that phase of the case we are asked to weigh the evidence, on
the theory that this is a case of exclusively equitable jurisdic-
tion.  As affecting the issue presented by the answer of set-
off, ten witnesses were before the trial court and testified.
The evidence was all oral; therefore, guided by the settled
law of this State, we are prohibited from weighing evidence
in any case not within the rule announced in the case of
*Hudelson* v. *Hudelson* (1905), 164 Ind. 694, authorizing an
appellate tribunal to disturb the decision of a trial court

"only when the evidence upon the controlling issue is documentary, by depositions, or otherwise of such a clear and conclusive character as to enable and to warrant this court to say, as a matter of law, that such decision is erroneous." See, also, *Ray* v. *Baker* (1905), 165 Ind. 74; *Tinkle* v. *Wallace* (1906), 167 Ind. 382; *Smith* v. *Smith* (1905), 35 Ind. App. 610; *Hobbs* v. *Town of Eaton* (1906), 38 Ind. App. 628; *Tyler* v. *Davis* (1906), 37 Ind. App. 557; *Liebole* v. *Traster* (1908), 41 Ind. App. 278; *Wise* v. *Wise* (1909), 43 Ind. App. 625.

It is only when there is no evidence to support an essential fact, without which the judgment cannot stand, that this court will interfere with the decision of the trial court. *Roberts* v. *Koss* (1904), 32 Ind. App. 510; *Republic Iron & Steel Co.* v. *Berkes* (1904), 162 Ind. 517; *First Nat. Bank* v. *Beach* (1904), 34 Ind. App. 80; *White* v. *Redenbaugh* (1908), 41 Ind. App. 580. In the case of *Diamond Block Coal Co.* v. *Culhbertson* (1906), 166 Ind. 290, it is held that "the fact that the evidence in the case on some particular and material issue appears to be weak or unsatisfactory is not alone sufficient to warrant this court in disturbing the judgment."

We have carefully read and considered all of the evidence presented by the record before us, and we cannot say that there was no evidence authorizing the trial court to draw inferences of fact fully sustaining its decision and judgment on the paragraph of set-off, and such decision, being within the issues supported by the evidence, was not contrary to law. *Smith* v. *Smith, supra.*

Appellant, in support of his motion for a new trial, also insists that the court erred in the assessment of appellee's recovery, it being too large. In support of this latter assignment it is argued that the evidence does not warrant an assessment of damages as made by the court. In this we cannot agree with appellant, for it is clear that if the appellee is entitled to anything on his answer of set-off he is

entitled, under the evidence, to the amount found by the trial court.

Appellant's motion to modify the judgment "by rejecting, striking out and annulling all that part of the decree that awards judgment in favor of defendant against 3. plaintiff on the set-off" was overruled, to which ruling appellant excepted, and this ruling is assigned as error. Against this ruling it is argued that inasmuch as the sum due on defendant's set-off does not exceed the amount due plaintiff, a judgment in favor of defendant for a less amount is not authorized by statute. §597 Burns 1908, §571 R. S. 1881. In this appellant is in error. The statute referred to provides: "If a set-off established at the trial exceed the plaintiff's claim so established, judgment shall be rendered for the excess; or if it appear that defendant is entitled to any other affirmative relief, judgment shall be given therefor." This statute not only authorizes a judgment for the amount found to be due on a set-off in excess of plaintiff's claim, but for a less amount as well.

In this case the amount found to be due to plaintiff exceeds the amount found to be due to defendant. The sum due to defendant was properly set off against said sum due to plaintiff and the judgment was correctly rendered in accordance with these findings. Our attention has not been called to any error for which the judgment of the trial court should be reversed.

Judgment affirmed.