## MARION STATE BANK *v.* GOSSETT, TRUSTEE.

[No. 21,604.   Filed February 15, 1911.]

1. APPEAL.—*Harmless Error.*—*Ruling on Paragraph of Complaint.* —*Special Findings Showing Recovery upon Another.*—An erroneous ruling upon a demurrer to a paragraph of complaint constitutes harmless error, where the special findings show a recovery upon another paragraph. p. 213.

2. APPEAL.—*Determination of.—Demurrer.—Conclusions of Law Presenting Same Questions.*—Where the exceptions to the conclusions of law present the same questions as the demurrer to the complaint, a decision on such demurrer determines the questions on the exceptions to the conclusions of law. p. 213.

3. BANKRUPTCY.—*Unlawful Preferences.—Recovery of.—Complaint. —Fraudulent Conveyances.*—A complaint for the recovery of money paid by a bankrupt to defendant within four months before the filing of a petition in bankruptcy, alleging the essential elements necessary to show an unlawful preference, as set out in section sixty of the bankruptcy act, as amended in 1903 (32 Stat. 799, 800, U. S. Comp. Stat. Supp. 1909 pp. 1314, 1315), is sufficient; and it is not necessary, in addition, to allege facts sufficient for the setting aside of an ordinary fraudulent conveyance. p. 213.

4. APPEAL.—*Weighing Evidence.*—Where there is some evidence tending to support the material allegations of the complaint, a judgment for the plaintiff will be affirmed. p. 214.

From Grant Superior Court; *P. H. Elliott,* Judge.

Action by Jacob B. Gossett, as trustee in bankruptcy, against the Marion State Bank. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. H. Carroll,* for appellant.
*Woodson S. Marshall,* for appellee.

MONKS, J.—This action was brought by appellee as trustee in bankruptcy to recover money from appellant, alleged to have been paid to it by the bankrupt, within four months before the filing of the petition in bankruptcy, thereby giving appellant a preference over other creditors of the same class, in violation of the provisions of section sixty of the bankruptcy act, as amended by the act of February 5, 1903. U. S. Comp. Stat. Supp. 1909 pp. 1314, 1315. And see Collier, Bankruptcy (7th ed.) 1167, 1168.

The complaint was in two paragraphs. A demurrer for want of facts to each paragraph was overruled. The court made a special finding of facts and stated conclusions of law thereon against appellant. Over appellant's motion for a new trial judgment was rendered in favor of appellee for the amount of the alleged preference.

The errors assigned and not waived call in question the conclusions of law, the action of the court in overruling the demurrer to each paragraph of the complaint and the motion for a new trial.

While appellant complains of the action of the court in overruling the demurrer to each paragraph of the complaint, we need only consider the sufficiency of the second paragraph, for the reason that the special finding, the conclusions of law and the final judgment rest upon that paragraph. *Goodwine* v. *Cadwallader* (1902), 158 Ind. 202, 204, 205, and cases cited.

As the same questions are presented by the exceptions to the conclusions of law that are presented by the action of the court in overruling the demurrer to the second paragraph of the complaint, we need only to determine the sufficiency of said paragraph of the complaint, for the reason that the determination of the latter question necessarily determines the other. *Goodwine* v. *Cadwallader*, *supra*.

Appellant's objections to the second paragraph of the complaint are based upon the theory that, to be sufficient, a complaint under section sixty, *supra*, must allege facts sufficient to constitute a cause of action to set aside a fraudulent conveyance of real estate, under the decisions of this court. The cases cited by appellant to sustain this contention are decisions of this court in cases brought to set aside fraudulent conveyances of real estate, and decisions in courts of other jurisdictions which deal only with the provisions of the bankruptcy act concerning the capacity of the trustee to avoid transfers of property in fraud of creditors, and where, in the absence of bankruptcy proceedings, such creditors might themselves maintain an action to avoid, and are not therefore in point here.

This action is not under that part of the bankruptcy act, but is under that part of section sixty, *supra*, relating to unlawful preferences, which is as follows: "(a) A person shall be

deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. * * * (b) If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

As no such conditions precedent to the right of the trustee to recover, as contended by appellant, are contained in the bankruptcy act, it is evident that appellant's objections to said second paragraph are not tenable. Said second paragraph contains all the essential elements required by said section just quoted, and was therefore sufficient. *Jackman* v. *Eau Claire Nat. Bank* (1905), 125 Wis. 465, 104 N. W. 98, 115 Am. St. 955 and note; *Eau Claire Nat. Bank* v. *Jackman* (1907), 204 U. S. 522, 27 Sup. Ct. 391, 51 L. Ed. 596; *Crooks* v. *People's Nat. Bank* (1899), 61 N. Y. Supp. 604, 46 App. Div. 335.

It follows for the same reasons that the conclusions of law are not erroneous.

The only cause for a new trial not waived is that " the findings of the court are not sustained by sufficient evidence."

After a careful examination of the evidence we cannot
4.    say that it does not sustain the findings that are necessary to appellee's recovery in this case. *American Varnish Co.* v. *Reed* (1900), 154 Ind. 88, 90, 91; *Round* v. *State* (1898), 152 Ind. 39, 44, 46; *Tinkle* v. *Wallace* (1906), 167 Ind. 382, 394; *Doering* v. *Davenport* (1910), 45 Ind. App. 465, and cases cited.

Judgment affirmed.