## ERIE RAILROAD COMPANY v. HIPSKIND.

### [No. 22,946.   Filed June 8, 1916.]

CARRIERS.—*Delay in Shipment of Goods.*—*Connecting Carriers.*—*Notice.*—*Liability.*—Where a railroad company contracts to transport freight to a point beyond its own line, it constitutes the connecting carrier its agent for the transportation of such freight, so that notice to the connecting carrier, upon which notice is predicated an action for damages, is notice to the contracting carrier, and it is liable, in so far as liability attaches to the receipt of such notice.

From Wabash Circuit Court; *A. H. Plummer*, Judge.

Action by Al F. Hipskind against the Erie Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. O. Johnson, Walter G. Todd* and *Franklin W. Plummer*, for appellant.

*H. N. Hipskind*, for appellee.

ERWIN, J.—Appellee was a contractor for a sewer in the city of Wabash, and on June 11, 1912, ordered a carload of sewer tile from Akron, Ohio, for use in said sewer. Appellant undertook to carry said car so loaded with tile over its line and the Big Four Railroad to Wabash, via Bolivar, a junction with the Big Four Railroad, and in so doing the same was delayed in transit and was not delivered until July 2, 1912, and this suit was instituted to recover damages by reason of the excavation caving in on account of heavy rains falling after a reasonable time had elapsed for the delivery of said tile. The right to recovery is based upon notice given to the Big Four Railroad of the use that was intended to be made of the tile, in ample time before the rainfall to have enabled appellant to have delivered the same to appellee. There was a trial by the court without the inter-

vention of a jury, which resulted in a finding and judgment in favor of appellee for $75 and costs.

It is conceded by all parties to this appeal that the only serious contention in this case, while it is presented in various ways, is whether the forwarding company, the Big Four, was the agent of appellant, so that notice to it of the use for which the tile was ordered was notice to appellant. Under recent holdings of this court, the Supreme Court of the United States, and the federal decisions, this question is decided adversely to the contention of appellant. *Pittsburgh, etc., R. Co.* v. *Mitchell* (1910), 175 Ind. 196, 91 N. E. 735, 93 N. E. 996, and cases cited on page 206.

No error being presented, the judgment is affirmed.

Note.—Reported in 113 N. E. 304. Liability of carrier contracting for transportation of goods beyond its own line, 31 L. R. A. (N. S.) 1; 6 Cyc 479.