518     APPELLATE COURT OF INDIANA,

Pittsburgh, etc., R. Co. *v.* Daniels, etc., Co.—71 Ind. App. 518.

## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* DANIELS AND PICKERING COMPANY.

[No. 10,098.   Filed December 10, 1919.]

1. CARRIERS.—*Extraordinary Delay.—Special Duties of Carrier.*— It is the duty of a carrier to exercise reasonable care to protect property from loss or injury during extraordinary delay in transportation, and to give the consignor or owner notice of such delay. p. 520.

2. CARRIERS.—*Unusual Delay.—Action for Failure to Preserve Property.—Evidence.—Sufficiency.*—In an action for damages to a carload of shelled corn, evidence *held* sufficient to sustain verdict for plaintiff on the theory of defendant's lack of care in giving the corn proper care and attention and in failing to notify plaintiff of the delay caused by an embargo, as a result of which a connecting line had the corn on its tracks forty days. p. 520.

3. APPEAL.—*Carriers.—Unusual Delay.—Care of Shipment.—Instructions.*—It is not reversible error, in a case wherein under the complaint and evidence the jury may rightfully find for the plaintiff on the theory that the defendant had failed to properly care for the shipment during the period of an extraordinary delay caused by an embargo at destination, or had failed to give notice of such delay so that the consignor might protect his shipment, to refuse a requested instruction to the effect that the carrier could not be held liable for delay caused by conditions over which it had no control, especially in view of the fact that the instruction as tendered was modified to exclude the rule in cases where the carrier has knowledge of such extraordinary conditions at the time of accepting the shipment, and the shipper has none, and as modified was given, to which giving no exception was taken or, if taken, has been waived. p. 522.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by the Daniels and Pickering Company against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John L. Rupe, Newby & Newby* and *W. G. Butler,* for appellant.

*Forkner & Forkner,* for appellee.

McMahan, J.—Complaint by appellee for damages to a carload of shelled corn shipped over appellant's railroad from Middletown, Indiana, to Baltimore, Maryland, for export. The gist of the complaint is that the appellant failed to safely transport and deliver the corn within a reasonable time, negligently sidetracked it enroute without care or attention, and negligently permitted it to be delayed in transit for an unreasonable time—five weeks—and that, because of want of proper care and attention, it became damp, hot, rotten, discolored, and greatly reduced in value. There is also an allegation that, if appellant had notified appellee of the whereabouts of the car during the delay, appellee could and would have unloaded and aired said corn and in a large extent have prevented the injury, and that appellant failed to give appellee any information as to the whereabouts of said car.

Answer (1) of general denial; (2) shipment by appellant without any delay to Pitcairn Junction near Pittsburgh, Pennsylvania, where the corn was delivered to the Pennsylvania Railroad, a connecting carrier, for shipment to Baltimore, and that the delay was wholly while the car was on the Pennsylvania Railroad; that the alleged delay was caused without any fault of appellant or of the Pennsylvania Railroad, and wholly because of the congested condition at the elevators and yards at Baltimore, which made it impossible to deliver export corn at said city.

Appellant contends that the verdict is not sus-

520 APPELLATE COURT OF INDIANA,

Pittsburgh, etc., R. Co. v. Daniels, etc., Co.—71 Ind. App. 518.

tained by sufficient evidence, and that the court erred in refusing to give instructions 1 and 6 tendered by it. The facts as shown by the evidence are in substance as follows: There was an embargo on shipping corn to Baltimore for export trade, during the greater part of January, 1916. Appellee owned an elevator at Middletown, Indiana, and was engaged in buying and selling corn and other kinds of grain. On February 1, 1916, appellee delivered a carload of shelled corn to the appellant to be shipped to Baltimore, Maryland, for export purposes. Appellant accepted this car and, on February 5, it was delivered by appellant to the Pennsylvania Railroad, a connecting line at Pitcairn Junction near Pittsburgh, Pennsylvania, and there remained in the yard of the Pennsylvania company until the morning of February 19, when it was moved to a point about sixty miles east of Pittsburgh, where it remained until March 13, when it was again started on its way and reached Baltimore on March 17 or 18, in a damaged condition—a result of the long delay on the road. About a week after the corn had been shipped, appellee made inquiry of appellant's agent about the location of the car and, on February 19, was informed that the car had been delivered to the Pennsylvania Company on the fifth of that month. Appellee made several attempts to have appellant trace the car, which appellant refused to do. The consignee of the corn at Baltimore tried to trace it and, on February 19, was informed that the car was at Conpit Junction. Appellant did not give appellee any information concerning said car other than that it had been delivered to the Pennsylvania Railroad on February 5. There was evidence to the effect that, if appellant had

notified appellee of the fact that the car was being
delayed at Conpit or Pitcairn Junction, appellee
could and would have looked after it and diverted it
to some other point and have saved or, at least, have
lessened the loss. When the corn reached Baltimore,
it was hot and rotten, and could not be sold in its
then condition. It was necessary to unload it, run
it through a drier, after which it was graded as re-
jected corn and sold for fifty-four cents a bushel,
which was nine and one-half cents per bushel less
than it would otherwise have brought. The corn was
in good condition when delivered to appellant for
shipment and would have arrived at Baltimore in
good condition if it had not been delayed in shipping.
The usual time required for transporting a car of
corn from Middletown to Baltimore was from seven
to fourteen days.

Appellant concedes that under the Carmack amend-
ment to the Interstate Commerce Law, it was respon-
sible for the acts and omissions of its connecting car-
rier, as held in *Pittsburgh, etc., R. Co.* v. *Mitchell*
(1911), 175 Ind. 196, 91 N. E. 735, 93 N. E. 996, but
insists that the sole cause of the delay was the con-
gested condition of the elevators at Baltimore, which
made it impossible for appellant to deliver the corn
at that point, and that neither appellant nor the Penn-
sylvania Railroad was responsible for the delay; that
the carrier was not responsible for the conditions
which caused the delay and, therefore, is not legally
liable for damages occasioned by reason of such
delay.

Appellant overlooks the fact that the complaint, in
addition to charging an unreasonable delay, also
charges neglect in failing to give the corn proper care

and attention, and in failing to notify appellee of the delay. The appellant very properly concedes that the law imposes upon a carrier, in cases of extraordinary delay in transportation, the duty to use all reasonable care to protect a shipment from damages on account of such delay.

It is the duty of a carrier to exercise reasonable care to protect property from loss or injury during delay in transportation, where the circumstances and conditions are such as cause an unusual delay, and it is the duty of the carrier to give the consignor or owner notice of the delay. 4 Elliott, Railroads (2d ed.) §§1481-1487.

There is, in our judgment, ample evidence to sustain the verdict. This being true, there was no error in refusing instruction No. 1, as it directed the jury to return a verdict for appellant.

Appellant complains of the refusal of the court to give instruction No. 6 tendered by it. This instruction was to the effect that it is the duty of a

3. common carrier to transport all property received for shipment as promptly as is reasonable and proper under the circumstances and, if conditions which the carrier cannot control arise which cause a delay, the carrier cannot be held liable for the delay nor for damages incidental thereto. The court modified this instruction by adding thereto the words, "Unless such carrier had knowledge of such extraordinary conditions at the time of receiving such corn, and the shipper had no notice thereof."

We do not think the failure to give the instruction as requested was reversible error. The appellant was evidently satisfied with the instruction as given, as no exception appears to have been taken to the

giving of it or, if an exception was taken, it has been waived. There was no error in overruling appellant's motion for a new trial.

Judgment affirmed.