## HOULTON v. CARPENTER.

[No. 4,248. Filed October 17, 1902.]

HIGHWAYS.—*Establishment.*—*Prescription.*—*Change.*—Where a highway has been used for twenty years, though never formally established, its location may be changed, under §6774 *et seq.* Burns 1901, permitting any person through whose land a public highway may run to petition for a change of location.

From DeKalb Circuit Court; *E. D. Hartman,* Judge.

Houlton *v.* Carpenter.

Petition by Margaret E. Carpenter to change the location of a highway. Remonstrance by Mary E. Houlton From a judgment for petitioner, remonstrant appeals. *Affirmed.*

*J. E. Rose* and *J. H. Rose,* for appellant.
*R. W. McBride, C. S. Denny* and *J. W. Baxter,* for appellee.

BLACK, J.—The appellee petitioned the board of commissioners of DeKalb county for permission to change the location, on the appellee's own land, of a portion of a certain highway known as the Fish creek road. The appellant, owning land through which another portion of the road runs, filed before the board, and afterward on appeal in the court below, an answer denying the jurisdiction of the board over the subject-matter of the proceeding, and asking its abatement. A demurrer of the appellee to this answer was sustained. The appellant filed a remonstrance, wherein, amongst other things, said Fish creek road was referred to as having been used as a road, as then located, for more than twenty years last past, and as an old road traveled by teams, carriages, and people. Such proceedings were had that the appellee, by the judgment, was granted permission to make the proposed change of the highway.

The record presents the question whether or not the board of commissioners had jurisdiction of the subject-matter of the change, where, as alleged in the answer in abatement, the highway had never been petitioned for or laid out or located as a public highway by any judicial proceeding, and had never been ascertained, described, and entered of record as a highway. The contrary not being alleged, it is to be assumed that the road had been used as a public highway for twenty years or more. Our statute (§6762 Burns 1901) provides: "That all public highways which have been or may hereafter be used as such

for twenty years or more, shall be deemed public highways; and the board of county commissioners shall have power to cause such roads used as highways as shall have been laid out but not sufficiently described, and such as have been used for twenty years but not recorded, to be ascertained, described, and entered of record, and such board shall declare and establish the width of any such highway, which width shall not be less than thirty feet, and where any such highway shall be located upon a line dividing the lands of different owners, one-half of such highway shall be taken from the land of each owner." The statute under which the proceeding at bar was instituted provides (§6774 Burns 1901): "Any person or persons through whose land any state, county, or township highway heretofore located and established, or hereafter to be located and established, may run, may petition the board of commissioners of the proper county for permission to change the location of such highway on his, her or their own land, or on the lands of any other person consenting thereto."

The appellant contends that the county board has no authority to proceed, under §6774, *supra,* to change the location of a road on the petitioner's own land, when the road has been used as a public highway for twenty years or more, but has never been petitioned for, or laid out or located as a public highway by any judicial proceeding, and has never been ascertained, described and entered of record as a highway, as provided for by §6762, *supra.* It is claimed that such a road, used as a public highway for twenty years or more, which has never been petitioned for or laid out or located as a public highway by any judicial proceeding, and has never been ascertained, described, and entered of record as a highway, is not a state, county, or township highway within the meaning of those terms in §6774, *supra,* and can not be regarded as having been located and established as contemplated by that statute. It is remarked in Elliott on Roads and Sts. (2d ed.), §10,

that it may be said that, where a road does not extend beyond the limits of one township, it is to be deemed a township road, and that when it extends beyond the limits of a township any considerable distance, it is a county road. In 15 Am. & Eng. Ency. of Law, 352 (2d ed.), it is said: "What is known in some sections as a state road is a highway laid out by the direct authority of the state, generally between distant places and through different counties, to supply a want felt by a large district of country, which, because of a diversity of interests the local authorities are not always willing to supply." In the early statutes of our State many enactments may be found directly providing for the location of roads as state roads, sometimes wholly within a county, and sometimes extending into more than one county. Some of the statutes merely changed certain county roads to state roads. Contemporaneous with statutory provisions relating to the location and establishment of state roads by commissioners appointed by the legislature, there were provisions for the location and establishment of certain roads by county officials, and of other roads by township officials. In §240 Burns 1901, it is provided: "The word 'highway' shall include county bridges, state and county roads, unless otherwise expressly provided."

Patton v. Creswell, 120 Ind. 147, was a proceeding like the one now before us, under §6774 et seq. Burns 1901, and the county board was held to have authority therein to change an existing highway on the land of the petitioners so as to run upon the line of another highway upon their lands, and to widen the latter highway, which was one which had been established by continuous use, thereby vacating the first mentioned highway. The court referred to §6774, supra, as providing, in substance, that any person or persons through whose lands "any public highway" may run may petition the board of commissioners of the proper county to change the location of the highway on their own land, or on the lands of any other person consent-

ing thereto. While the terms in question originally were used, for the most part, at least, with regard to the governmental authority or agency by which the roads were laid out, yet we.think the words "any state, county, or township highway" in this statute, may be regarded as used to designate and comprehend all roads open to the public, owned by the State as the ultimate proprietor, for use as highways, maintained at public expense, subject to legislative control, and under the protection and management of governmental agencies, as local subdivisions such as counties, townships, or road districts, and to distinguish such highways from others owned by private corporations, and maintained at private expense, as toll roads owned by turnpike or gravel road companies.

"No matter whether it is established by prescription, or by dedication, or under the right of eminent domain, it is a highway if there is a general right to use it for travel." Elliott on Roads and Sts. (2d ed.), §3. A road used continuously by the public for twenty years becomes a public highway. *Hart* v. *Trustees, etc.,* 15 Ind. 226. The establishment of a highway by dedication, express or implied, and the establishment of a highway by prescription, are alike irrevocable as against the public, though differing as to the character of the evidence by which they severally may be proved. See *Town of Marion* v. *Skillman,* 127 Ind. 130, 11 L. R. A. 55; Elliott on Roads and Sts. (2d ed.), §159. A public highway, however established, can not be changed by the landowner at his own will. *Holcraft* v. *King,* 25 Ind. 352. When there has been twenty years' use of a way as a public highway, the way is to be deemed to be such, and those asserting rights in it are not bound to show an original intention to dedicate. *Ross* v. *Thompson,* 78 Ind. 90, 98; *Louisville, etc., R. Co.* v. *Etzler* 3 Ind. App. 562; Elliott on Roads and Sts. (2d ed.), §159. It is said in Elliott on Roads and Sts. (2d ed.), §170: "Where the use of the way has continued for the period prescribed by

statute, or for the period designated by the common law authorities as from a time immemorial, there exists a right by prescription, founded, as Chief Justice Shaw says, upon the presumption that the way was 'at some anterior period laid out and established by competent authority.' * * * If it be held, as upon principle and authority it may well be, that after the lapse of the statutory period the law will presume that the road or street was laid out and opened by competent authority," etc. Again in §172 of the same valuable work it is said: "Prescription refers the right to the highway to the presumption that it was originally established pursuant to law by the proper authority, while dedication refers it to a contract express or implied." See, with reference to the applicability of the statute (§6762, *supra,*) to cities and towns, *Pittsburgh, etc., R. Co.* v. *Town of Crown Point,* 150 Ind. 536.

Section 6762 Burns 1901 contemplates two classes of roads:   (1) Such roads used as highways as shall have been laid out, but not sufficiently described; and (2) such as have been used for twenty years, but not recorded. *State* v. *Schultz,* 57 Ind. 19.   In that case it was said: "While the right of the public to use land as a highway may be acquired by less than twenty years' use, still the board of commissioners are not authorized to cause a road, used but not recorded, to be ascertained, described, and entered of record, unless it has been used for twenty years."   See, also, *Campbell* v. *O'Brien,* 75 Ind. 222; *McKeen* v. *Porter,* 134 Ind. 483.   "Under this statute, it is the twenty years' use that makes the road a public highway, and it is immaterial whether the use is with the consent, or over the objections, of the adjoining landowners."   *Strong* v. *Makeever,* 102 Ind. 578, 584.   In the case last named the court in argument said of a certain proceeding to change a public highway: "The highway sought to be changed may be one established by use, where the width is determined by the way actually used."   In *Washington Ice Co.* v. *Lay,* 103

Ind. 48, it was said of a proceeding to have described and entered of record an alleged highway which had been used as such for twenty years, that is goes upon the theory that there is an existing highway, and that no action of the county board or other authority is necessary to establish it. In *Holcraft* v. *King,* 25 Ind. 352, it was said that public highways may be "established" in this State by order of the board of commissioners of the county, or by express grant, or by dedication arising by presumption from a continued use of the place for a considerable length of time by the public as a public highway, with the knowledge thereof by the owner, and without objection on his part. It might have been added, though not specially pertinent to the facts of that case, that they also may be established by prescription through use for the statutory period of twenty years.

"A highway established by dedication is as valid, to the extent and width used by the public, as one established by express grant or legal authority." *Summers* v. *State,* 51 Ind. 201, 204. See, also, *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200, 51 Am. Rep. 749.

In *State* v. *Hill,* 10 Ind. 219, it was held not to be necessary to the maintenance of a criminal prosecution for obstructing a public highway that the highway should have been laid out and established by competent authority, in any manner prescribed by law, but that proof of a use which would raise a presumption of a dedication was sufficient. In *Hays* v. *State,* 8 Ind. 425,—a prosecution for the obstruction of a highway,—it was said that public justice and public convenience require that highways used and acquiesced in for a long period, though less than twenty years, which by statute is an absolute bar, should be considered as "established."

In *Washington Ice Co.* v. *Lay,* 103 Ind. 48, 55, it is said: "When a highway has been established and opened by the county board, there is no longer involved any ques-

tion of public utility; so, when a way has become a public highway by user, it is such regardless of any question of public utility, and it will remain such until it shall be vacated in a proper proceeding or by non-user, and that, too, whether entered of record or not. The order for entering of record is not the establishment of a highway, but an adjudication of the fact that there is already such a highway. If, indeed, there is no such a highway, the order may have the effect of establishing one; but this is not the purpose or theory of the order or proceeding."

When a road has been used as a public highway for twenty years or more, its location may be changed by a proceeding under §6774 *et seq.* Burns 1901, though it has never before been the subject of any proceeding before the board of county commissioners. Whether or not the same be true of a public highway located and established by dedication, but used as such for a less period than twenty years, the case before us does not require us to decide.

Judgment affirmed.