# THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* CHRISTIE.

[No. 22,075. Filed December 19, 1912.]

1. HIGHWAYS.—*Establishment.*—Where a general right exists to use a strip of ground for travel, a highway exists, regardless of whether it was established by prescription, or by dedication, or under the right of eminent domain. p. 695.

2. HIGHWAYS.—*Dedication.—Definition.*—The dedication of a highway consists of a gift of land by the owner for a way, and an acceptance thereof by the public, either express or implied from the significant acts of persons competent to act for the public in that behalf. p. 695.

3. DEDICATION.—*Highways.—Power of Corporation to Dedicate.*—A corporation has the power to dedicate land for highway purposes in the same manner as an individual. p. 696.

4. HIGHWAYS.—*Action for Closing.—Dedication.—Question for Jury.—Verdict.*—In an action for damages resulting from the closing of a strip of land alleged to have been dedicated by the owner for highway purposes, the question of whether the land was so dedicated was one of fact for the jury and its verdict for plaintiff was a finding that such dedication had been made. p. 696.

5. EASEMENTS.—*Easement by Prescription.—Right of Public as Against Railroad Company.*—The doctrine of waiver and estoppel applies to a railroad company the same as an individual, and it may stand by and allow its land to be used for public purposes, without objection, until the public has acquired easements and rights therein which the company cannot revoke. p. 696.

6. DEDICATION.—*Intention.—Street.*—The question of dedication must be determined from the intention of the owner, as manifested by his acts, and where a landowner, by open and visible acts, unequivocally indicates to the public that he intended to, and did, throw his land open to the public for a street and the public has acted on the faith of that, there was a dedication, the law will treat the acts of the owner as constituting an irrevocable dedication. p. 696.

7. DEDICATION.—*Sufficiency of Acts.—Dedication of Highway by Railroad Company.*—Where a strip of land belonging to defendant railroad company was used by defendant and its predecessor and the general public as a highway for more than thirty-five years, with the full knowledge and consent of defendant and its predecessor, and with knowledge of the plat-

ting of the land abutting thereon and the sale of lots to plaintiff and other purchasers and the erection of buildings on such lots, and that plaintiff had erected a dwelling and store to which such strip of land was the only means of ingress and egress, the acts of defendant constituted a dedication of the land for a street, regardless of any secret intention that the way should be a private one.   p. 697.

8.   DEDICATION.—*Estoppel to Deny.*—*Highways.*—A landowner will be estopped from denying a dedication of land for a highway, when other persons have acted on his open acts and conduct. p. 697.

9.   DEDICATION.—*Use for Twenty Years.*—*Presumption of Intention.* —Where the use of an easement has continued for more than twenty years, the intention of the owner to dedicate will be conclusively presumed.   p. 698.

10.   DEDICATION.—*Streets.*—*Railroads.*—*Application of Statute.*— Section 5244 Burns 1908, Acts 1899 p. 477, providing that the use by the public of the right of way or depot grounds of any railroad shall not ripen into a right to continue to do so, even though such use has continued for a period of twenty years or more, does not apply where a railroad company by its conduct dedicated a strip of land to the public for highway purposes.   p. 698.

11.   HIGHWAYS.—*Closing.*—*Measure of Damages.*—The measure of damages where a highway is closed so as to cut off accessibility to the property of an abutting owner, is the difference between the fair market value of such property before and after the closing, and evidence as to such values need not be limited to the value on a particular day before or after such closing.   p. 699.

12.   APPEAL.—*Review.*—*Conflicting Evidence.*—*Verdict.*—*Conclusiveness.*—It is not the province of the court on appeal to weigh conflicting evidence, and where there was evidence to support the material allegations of the complaint, the verdict for plaintiff will not be disturbed.   p. 699.

13.   APPEAL.—*Review.*—*Instructions.*—*Failure to Conform to Pleadings.*—An instruction which failed to conform to the pleadings, in that it was not as broad as the allegations of the complaint, was properly refused.   p. 700.

From Putnam Circuit Court; *J. M. Rawley,* Judge.

Action by George W. Christie against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Affirmed.*

*F. L. Littleton* and *Enloe & Pattison,* for appellant.

*Thad. S. Adams,* for appellee.

SPENCER, J.—Appellee sued to recover damages from appellant for injuries to his property occasioned by the closing of an alleged highway in the town of Hadley, Indiana. The complaint is in one paragraph. The court overruled a demurrer thereto, and appellant filed its answers in general denial and setting up affirmative matters. Appellee's demurrer to the second paragraph of answer was overruled and a general denial in reply was filed. The issues were tried by a jury, which returned a verdict of $1,150 for appellee, for which sum the court rendered judgment.

Appellant assigns as error, (1) overruling the demurrer to the complaint, and (2) overruling its motion for a new trial.

The material facts are as follows: In the year 1869 appellant's predecessor, by a condemnation proceeding in the Hendricks Circuit Court, acquired a strip of land ninety-nine feet wide across the south half of the southeast quarter of section fourteen, township fifteen north, range two west, in Hendricks county, Indiana, to be used as a right of way for railroad purposes. In 1870, the Indianapolis and St. Louis Railway Company acquired from William Plasters and wife by deed a strip of land twenty-five feet wide on the north side of its right of way in the town of Hadley, Indiana. Two public highways were opened in 1870, in a north and south, and an east and west direction, crossing each other on appellant's right of way immediately west of said town of Hadley. Appellant's predecessor located its station on the north side of its tracks at a point 300 feet east of the north and south highway, and erected thereon a building which it used continuously as a depot and freight office until 1895, when it was destroyed by fire. Appellant's predecessor opened the twenty-five foot strip of land purchased from William Plasters and wife as a road leading

from the north and south highway to and past the station
to a place where two mills were located east of its station.
At this place said company constructed a crossing over and
across its right of way and tracks in order that the public
might reach the mill located on the south side of its tracks.
This strip of land was openly and continuously used as a
highway by the citizens of Hadley from the time it was
opened to the public in 1870 until 1906, when appellant
created and maintained thereon the obstruction complained
of in this action. In 1894, Alonzo L. Wheeler, who owned
the land north of and adjoining this twenty-five foot strip
of land, laid out and platted the Wheeler addition to the
town of Hadley. Appellee purchased lot No. 6, in said
Wheeler addition, and erected thereon, and fronting on the
twenty-five foot strip of land in question, a large two-story
frame building, fitting up the second story as a dwelling
house, and the lower floor was converted into a storeroom,
in which he engaged in the mercantile business. The only
way of reaching appellee's store and the company's depot
and freight house was by passing over the highway located
on said strip of ground. This ground was used by appel-
lant, its predecessor and the general public as a highway
for more than thirty-five years, with the full knowledge,
consent and acquiescence of appellant and its said prede-
cessor, and said appellant had knowledge of the platting
and recording of the said Wheeler addition to the town of
Hadley, and had full knowledge that appellee, and the vari-
ous other purchasers of lots in said addition, were erecting
dwellings, and that appellee was erecting a business house
thereon, and well knew that said public highway located on
the aforesaid strip was the only way of ingress to and egress
from appellee's residence and business house. From
1870 until 1906 the general public used said strip of land
as a public highway without objection or interference from
appellant railway company. During this time the road

supervisors and town authorities worked and improved the highway on the twenty-five foot strip of land in question, with the other highways and streets of the town, without objection from appellant. In 1906 appellant closed said highway and constructed thereon an embankment from fifteen to twenty feet high, and located its tracks on it. This closed the highway, cut off appellee's only way of ingress and egress, destroyed his business, and greatly reduced the value of his property.

Appellant contends that appellee's complaint proceeds on the theory of dedication of the twenty-five foot strip of ground for public use, and that it fails to allege sufficient facts showing such dedication. The complaint alleged briefly and concisely facts sufficient to constitute a cause of action, and the demurrer thereto for insufficient facts was properly overruled.

The true and vital question is, Was the twenty-five foot strip of ground a public highway? If so, and facts are sufficiently alleged and proven to show it to be, then,

1. "no matter whether it be established by prescription, or by dedication, or under the right of eminent domain, it is a highway if there is a general right to use it for travel." Elliott, Roads and Sts. (2d ed.) §3. See, also, *Houlton* v. *Carpenter* (1902), 29 Ind. App. 643, 64 N. E. 939.

2. A fair definition of what constitutes a dedication is stated in 1 Bouvier's Law Dict. (15th ed.) 492, thus: "An appropriation of land to some public use made by the owner and accepted for such use by and on behalf of the public."

"Dedication is a gift of land by the owner for a way, and an acceptance of the gift by the public, either by some express act of acceptance, or by strong implication arising from obvious, convenient or frequent and long continued use, repairing, lighting, or other significant acts of persons

competent to act for the public in that behalf.'' 2 Words and Phrases, 1912. See, also, *Hemphill* v. *City of Boston* (1851), 62 Mass. 195, 54 Am. Dec. 749.

Appellant's predecessor was a corporation duly organized, an artificial being, created by the law for a certain purpose, and subject to the same laws as a natural being. As such it had the power to dedicate the twenty-five foot strip of ground in controversy to the general public as a highway in the same manner as an individual. Whether or not the strip of land was so dedicated, was a fact to be determined by the jury, which found that said tract had been so dedicated. As in this case, a railroad corporation is and must be upon the same footing as an individual. It can dedicate its ground to public uses, and it may stand by and allow its land to be used for public purposes, without making objections, until the public has acquired easements and rights therein which are beyond the power of the railroad company to revoke. The doctrine of waiver and estoppel applies to a railroad company the same as to an individual. *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1898), 150 Ind. 536, 50 N. E. 741.

This court, in *City of Indianapolis* v. *Kingsbury* (1885), 101 Ind. 200, 213, 51 Am. Rep. 749, said: ''We fully agree * * * that an essential element of dedication is the intent of the owner to devote his land to a public purpose, and we unhesitatingly affirm that without such an intention it is impossible that there should be a valid dedication. * * * But the intention to which courts give heed is not an intention hidden in the mind of the land-owner, but an intention manifested by his acts. It is the intention which finds expression in conduct, and not that which is secreted in the heart of the owner, that the law regards. Acts indicate the intention, and upon the intention clearly expressed by open acts and visible conduct

the public and individual citizens may act. Nor is it to mere secret agreements or arrangements unknown to public officers and to purchasers of lots that courts are to look. What they do look to, and what good conscience and fair dealing require they should regard, is the conduct of the land-owner; that is open to the scrutiny and knowledge of the community and its members."

"If a land-owner, by open and visible acts, unequivocally indicates to the public and to citizens that he intended to, and did, throw open a street to the public, and the citizens and the public have acted upon the faith that there was a dedication, the law will treat the acts of the owner as constituting an irrevocable dedication." *Faust* v. *City of Huntington* (1883), 91 Ind. 493, 494.

The intention to dedicate the twenty-five foot strip of land is here determined from the conduct of appellant, and is unequivocally manifested by its open conduct, on which the citizens and the public had a right to rely, and the secret intention or the private agreement of the owners among themselves, that the way should be a private one, cannot prevail against the force of the conduct and acts on which the public and the citizens relied. *City of Indianapolis* v. *Kingsbury, supra.* "All that is necessary to constitute such dedication is the assent of the owner of the soil to the public use, and the actual enjoyment by the public of the use for such a length of time that public accommodation and private rights would be materially affected by a denial or interruption of the enjoyment." *Town of Marion* v. *Skillman* (1891), 127 Ind. 130, 136, 26 N. E. 676, 11 L. R. A. 55. See, also, *State* v. *Hill* (1858), 10 Ind. 219; *City of Indianapolis* v. *Kingsbury, supra.*

8. A landowner will be estopped from denying a dedication of land for a highway, when other persons have acted on his open acts and conduct. *Pittsburgh, etc., R. Co.* v. *Noftsger* (1901), 26 Ind. App. 614, 60 N. E. 372; *City of Indianapolis* v. *Kingsbury, supra.*

"When the use of the easement has continued for more than twenty years the rule as stated by some of the authorities is that the intention of the owner to dedicate will be conclusively presumed." *Town of Marion* v. *Skillman, supra,* 137. Twenty years' use by the public, under claim of right evidenced by the use, will give a right to the road or street, of which the owner of the fee cannot divest the public, no matter what may have been his intention. * * * This result follows, not because an intention to dedicate is conclusively presumed, but because the statute of limitations has divested the owner of a right by destroying the remedy." 1 Elliott, Roads and Sts. (2d ed.) §176.

"All that is required is the assent of the owner and the use of the premises for the purposes intended by the appropriation. The law considers the owner's acts and declarations as in the nature of an estoppel *in pais* and precludes him from revoking the dedication." *Morgan* v. *Chicago, etc., R. Co.* (1877), 96 U. S. 716, 24 L. Ed. 743. See, also, *Faust* v. *City of Huntington, supra.*

Section 5244 Burns 1908, Acts 1899 p. 477, cited by appellant, does not apply to the facts in this case. The twenty-five foot strip of ground in question was land purchased by appellant's predecessor and dedicated as a highway for the benefit of the general public. The section in question applies only to prescriptive rights. It may be said, too, that if the rights of the public in this case had been prescriptive, there was evidence that they had ripened before the act in question became a law.

Our conclusions are that appellant's predecessor dedicated the twenty-five foot strip of land for the use of the general public as a highway, and its subsequent acts have established this fact. Appellant is now estopped to deny that it did not intend the land in controversy to be dedicated to the general public as a highway.

Appellant contends that the court erred in permitting certain witnesses to testify as to the value of appellee's property after "this reconstruction as you have described it." Appellant has not asserted what answer the witnesses made to this inquiry. We assume, however, that such answer was given as fixed the value of the property after the twenty-five foot strip of ground used as a highway was filled up by appellant so as to cut off appellee's ingress to and egress from his property. The true measure of damages in such a case is the difference between the fair market value of appellee's property before the obstruction and the fair market value of the same property after the obstruction. In arriving at such difference it certainly was competent to permit witnesses, who were qualified as to knowledge of such values, to give the same about the time in question, that is, the value before the obstruction was placed in such highway and the value of the property thereafter, and an effort to limit the inquiry in point of time as to the value on a particular day before, and on a particular day after, as contended for by appellant, would be too narrow. The court did not err in admitting such evidence.

Appellant insists that the verdict is contrary to law, excessive and not sustained by sufficient evidence. We have shown, *supra,* that the strip of land in controversy was a public highway, made so by appellant and its predecessor's acts; consequently the verdict allowing damages for injuries to appellee's property, because appellant wrongfully obstructed the same, was not contrary to law.

We have made a careful review of the record, and find that the evidence substantially supports the material allegations of the complaint. It is not the province of 12. this court to weigh conflicting evidence. *In re Darrow* (1910), 175 Ind. 44, 59, 92 N. E. 369; *Marion State Bank* v. *Gossett* (1911), 175 Ind. 211, 214, 93 N. E. 996;

*Indiana Union Traction Co.* v. *Keiter* (1911), 175 Ind. 268, 274, 92 N. E. 982. It is the duty of the jury to determine the credibility of the witnesses and to weigh the evidence. "The general verdict settles all conflicts of evidence in plaintiff's favor." *Cleveland, etc., R. Co.* v. *Moore* (1909), 45' Ind. App. 58, 60, 90 N. E. 93. We cannot agree with appellant that the damages assessed were excessive.

Appellant contends that the court erred in refusing to give instruction four, tendered by appellant. This instruction was properly refused. It was not as broad as 13. the allegations of the complaint. Also complaint is made that instructions four, five, six and seven, given by the court of its own motion, are erroneous. After carefully considering said instructions, separately and in relation to the others given, we conclude that they properly presented the law of the case.

There being no reversible error in the record, the judgment is affirmed.

NOTE.—Reported in 100 N. E. 299. See, also, under (1) 37 Cyc. 17; (2) 13 Cyc. 437; (3) 13 Cyc. 442; (4) 13 Cyc. 485; (6) 13 Cyc. 452, 454; (7) 13 Cyc. 454; (8) 16 Cyc. 791; (9) 13 Cyc. 475; (11) 37 Cyc. 192; (12) 3 Cyc. 349; (13) 38 Cyc. 1612. As to highways by user, see 57 Am. St. 744. As to what constitutes dedication to and acceptance of a public street, see 129 Am. St. 576. On the question of the dedication of a highway to public use, see note in 24 L. Ed. (U. S.) 743. As to the power of a corporation to dedicate property for public use, see 8 L. R. A. (N. S.) 966. For the effect of limited use of way by the public as an acceptance of dedication, see 22 L. R. A. (N. S.) 1114. The question of the right of an abutting owner to compensation for vacation of highway is treated in a note in 36 L. R. A. (N. S.) 1115. And on the right of a property owner whose means of access from one direction is shut off or interfered with by closing of adjoining street, or portion of street on which he is situated, see 2 L. R. A. (N. S.) 269; 30 L. R. A. (N. S.) 637.