## LOWE ET AL. *v.* CITY OF MONTICELLO.

[No. 10,484. Filed October 15, 1920.]

1. DEDICATION.—*Street.—User of Way.—Acquiescence of Owners.*—Where a strip of ground for more than twenty years had been used as a way of ingress and egress to certain elevators and a mill, and as a public connecting way between two streets, and by the general public for traveling purposes, both by pedestrians and vehicles, all with the knowledge, consent and acquiescence of the successive owners of the abutting land, of which the strip in controversy was originally a part, and had been improved as a way by certain of the owners, and by the town and city, such strip was dedicated for a public way. p. 691.

2. DEDICATION.—*Streets.—Taxation.—Effect.*—The fact that a strip of ground dedicated for a public way continued upon the

tax duplicates, and was assessed both for state and county taxes, and for street improvements, did not deprive the public of the rights which they had acquired by reason of the dedication. p. 691.

From White Circuit Court; *James P. Wason,* Judge.

Action by the City of Monticello against John C. Lowe and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*L. D. Carey, George W. Julian* and *Leander D. Boyd,* for appellants.

*Addison K. Sills, Jr.,* for appellee.

NICHOLS, J.—Action by appellee against appellants to enjoin them against obstruction of an alleged public way described in the complaint.

There was a trial by the court and special findings of fact, from which it appears that appellee is a city of the fifth class, and that, at the time of the commencement of this action, appellants Lowe and Lowe, were the owners of certain lots abutting on the west upon Illinois street in said city and upon the east upon an alley, and that Loughry Brothers Milling and Grain Company were the owners of certain other lots immediately to the east of appellants' lots and across the alley therefrom, which lots of the grain company abut to the east on Main street in said city. Appellants' lots, as well as the grain company's lots, are located immediately north of the Pittsburgh, etc., Railway Company's tracks. Larkin Lowe, father of appellants, became the owner of appellants' lots in 1888 and continued to own the same until his death in 1907. After his death his heirs conveyed said lots to his widow, who thereafter continued to own and possess the same until the year 1917, when she conveyed the same to appellants, who have ever since continued the owners and in possession thereof. That sometime prior to the year 1870, there was located upon

said lots a grain elevator used for buying grain and other produce from the general public. It was located at the southwest corner of said lots immediately east of and adjacent to Illinois street, and north of the Pittsburgh, etc., Railway Company, the tracks of which run in an easterly and westerly direction. The distance from Illinois street to Main street, being across appellants' lots and across the grain company's lots from east to west, is 348 feet. About 1895 Larkin Lowe erected upon the real estate owned by him a gristmill, which is forty feet north of the north line of the elevator mentioned above and abutting upon Illinois street. The only entrance to this gristmill was on the south side thereof while the business with said elevator was transacted on the north side thereof. In 1883 the Loughrys purchased the tract of land now owned by the grain company, entered into the possession thereof, and erected a large mill and elevator which was used for the purpose of manufacturing flour and other products of cereal, and for buying and selling grain and other farm products from and to the general public, which mill and elevator have been in actual and continuous operation ever since they were erected. The scales and dumps in connection with the .elevator were on the north side thereof. For a long time prior to the erection of the mill and elevator by Loughry Brothers there was an open way leading from Illinois street immediately north of appellants' elevator and which extended in an easterly direction across appellants' tract and other lands to Main street. Since 1868 it was used by the traveling public for all purposes and all kinds of travel by foot passengers and all kinds of vehicles. In 1871 a cob house was erected north and a little east of appellants' elevator with an open space between them; to the east of this cob house was a lumber yard and a hay barn, and the business of selling lumber at said yard was car-

ried on from the year 1888, and said places of business were approached over the open space or way. The ground extending east and west from Illinois street to the alley and lying between the elevator on the south side and the cob house and lumber yard on the north side, was used by the owners and operators of said elevator, cob house and lumber yard in connection with, and for the purpose of, carrying on their business with the public, and was used by the patrons of said companies as the way of approach and departure from said places of business, and over said grounds was the only way of ingress and egress thereto without rearrangement of the entrances. The tract of ground in dispute is a part of said ground. After the erection by the Loughrys of their mill and elevator, which was in the year 1888, said way continued as a public way running from Illinois to Main street across the lands now owned by appellants and the lands owned by the Loughrys, the same being immediately north of the elevator on the Lowe tract and immediately north of the elevator on the Loughry tract; that such way was so arranged with the knowledge and consent of Larkin Lowe, who was then the owner of the tract now owned by appellants, and the Loughrys who then owned the tracts now owned by the grain company, and since said time the general public has continuously, openly and notoriously used said public way as a thoroughfare and public highway, for all traveling purposes, both by foot passengers and vehicles of all kinds and description, and that the same has been so used continuously as a thoroughfare from said Main street to the Lowe elevator, and in coming from Illinois street to said elevator, and in coming from Illinois street to the grain company's mill and elevator, and in coming from Main street to the grain company's mill and elevator and that the same has been used by the general public as

a thoroughfare from Main street to Illinois street, and by persons who had no business to transact with either of said elevators. Such use by the general public was with the knowledge, consent and acquiescence of the owners of the tracts and without any objections from them. Larkin Lowe, father of appellants, openly invited the public, since the year 1888 up to the time of his death, to use said way as a public thoroughfare, and made no objections whatever to such use thereof, but stood by and knowingly permitted the public to use the same, and the same has been so used as a public way since the death of said Larkin Lowe until the present time. At the time of the erection of the Lowe elevator, there was no driveway across said tract from east to west, but thereafter a vacant space between the buildings on the north side thereof and the buildings on the south side thereof was used by the owners of said property in carrying on their business, and used by the public to transact business with said elevator, lumber yard and coal sheds, and other places not adjoining or abutting on said way. There was no other way of ingress or egress to said places of business adjoining and abutting thereon, and the business could not have been carried on had the way been closed without a rearrangement of the entrances. After the opening of said way, other buildings were erected from time to time thereafter by the owners of the respective tracts, with regard to the public thoroughfare and abutting thereon, and with this as the only means of ingress and egress, each of which improvements was made with the full knowledge of the owners of each of the tracts involved at a cost of many thousands of dollars, which buildings are of a permanent and lasting nature, and will be made less valuable if the way is closed. Said thoroughfare has had since 1888 a well-defined course

across appellants' land, and the same has been graded and improved from time to time by the use of gravel, cinders and crushed rock, which improvement was done by the owners of each of said tracts over which it passed, and by appellee city at its expense. Larkin Lowe, father of appellants as aforesaid, dedicated said open way to the general public as a public thoroughfare and street. About four years ago appellants dismantled and removed the machinery in said elevator and mill. Since that time the buildings have not been used for any purpose. Since said dedication by Larkin Lowe the same has been accepted by the public as a thoroughfare and has been used by the general public as a street. No lots have been sold with reference to said way. In the year 1896 the board of trustees of Monticello caused the improvement of Illinois street, and for that purpose assessed appellants' real estate, including that part thereof embraced in the open way, and the full area of said land was owned by appellants and has been assessed since 1890 for state, county, town and city taxes, without reduction for any street, and the taxes have been paid. At the commencement of this action appellants were in the act of constructing and building a fence across said way, which fences, if constructed, would have completely closed said street to the public and would have prevented any travel thereof by the public to the irreparable injury of the public.

The court states its conclusions of law (1) that the law is with the appellee, and (2) that appellee is entitled to an injunction as prayed for, enjoining appellants and each of them in any manner from obstructing and interfering with the use of the street, a description of which is contained therein, and enjoining them from the erection of the fences or any obstruction across such street. There were exceptions to the conclusions of law,

and a motion for a new trial by appellants, which was overruled.

It is contended by appellants that the court's finding is not sustained by the evidence, but we hold that there is evidence to sustain the foregoing statement of

1. the substance of the findings, and from this statement it appears that the strip of ground in controversy for more than twenty years before the bringing of this action had been used as a way of ingress and egress by the general public to the two elevators mentioned, and to the mill, and as a public way connecting Illinois street with Main street, and by the general public for traveling purposes, both by foot-passengers and vehicles, all with the knowledge, consent and acquiescence of the successive owners of the abutting land, and that the strip had been improved by the father of appellants, by the Loughry Brothers, who owned the land to the west, and by the town and city of Monticello. These facts, together with the other facts stated above, are sufficient to establish a dedication of the ground in controversy for the purposes of a public way. The principles involved have been clearly discussed in the following cases, each of which determines the law against appellants, to wit: *Cleveland, etc., R. Co.* v. *Christie* (1912), 178 Ind. 691, 100 N. E. 299; *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1898), 150 Ind. 536, 50 N. E. 741; *City of Indianapolis* v. *Kingsbury* (1885), 101 Ind. 200, 51 Am. Rep. 749; *Cleveland, etc., R. Co.* v. *Wheeler* (1912), 52 Ind. App. 704, 92 N. E. 988.

Nothing can be gained by a further discussion thereof in this opinion.

Appellants call our attention to the fact that the ground continued upon the tax duplicates and

2. was assessed both for state and county taxes and for street improvements, but these facts would

not deprive the public of the rights which they had acquired by reason of the dedication. *Rhodes* v. *Town of Brightwood* (1896), 145 Ind. 21, 43 N. E. 942.

The judgment is affirmed.