**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 23 2014, 9:58 am

CLERK

of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT:

**MICHAEL R. MOROW**
Stephenson Morow & Semler
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**P. MICHAEL SUMMERS**
The Summers Law Office
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TOWN OF NEW PEKIN, INDIANA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 88A01-1310-PL-442 |
| | ) | |
| GAIL STEWART and KERMIT STEWART, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE WASHINGTON CIRCUIT COURT
The Honorable Larry W. Medlock, Judge
Cause No. 88C01-1003-PL-188

**May 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

The Town of New Pekin appeals the denial of its motion for summary judgment.[1] We affirm and remand.

In 1992, developers submitted to the Town's board a plat for a residential subdivision. The plat displayed streets and residential lots. It also contained a "Dedication Certificate" which provided, "This subdivision shall be known . . . as Pekin Estates Section I, an addition to the Town of Pekin, Washington County, Indiana. All streets and alleys and public open spaces and not heretofore dedicated to the public." Appellant's App. p. 355. The Town's board approved the plat and further negotiated an agreement with the developers regarding how the subdivision would be built.

Over the years, the developers built streets, sidewalks, and homes in a portion of the subdivision. The streets and sidewalks are open to the public. The developers further installed water and sewer lines. Town employees inspect the subdivision's water and sewer lines, manholes, and other sewer system fixtures once per year.

On July 31, 2009, Gail Stewart fell while walking on a sidewalk in the subdivision and broke her right leg. She and her husband Kermit sued the Town, alleging it had negligently failed to maintain the sidewalk.[2] The Town moved for summary judgment, and the Stewarts filed a response. Following a hearing, the court denied the Town's motion. This discretionary interlocutory appeal followed.

---

[1] The Town has also filed a motion to strike pages 11-26 of the Appellees' Appendix. We grant the motion by separate order.

[2] The Stewarts also sued the developers and the civil engineer who prepared the plat. The trial court dismissed those parties, and they are not participating in the appeal.

ISSUE

The sole issue on appeal is whether the Town was entitled to summary judgment because it claims it had no responsibility to maintain the sidewalk.

DISCUSSION AND DECISION

When reviewing a grant or denial of a motion for summary judgment, our standard of review is the same as it is for the trial court. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). The moving party bears the initial burden of presenting a prima facie case showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* If the moving party bears this burden, then the non-moving party must come forward with evidence establishing the existence of a genuine issue of material fact. *Id.* We construe all factual inferences in the non-moving party's favor and resolve all doubts as to the existence of a material issue against the moving party. *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind. 2009).

The Town argues that it is entitled to summary judgment because it did not accept the sidewalk in question and thus had no duty to maintain it. A municipality may establish, vacate, maintain, and operate public ways. Ind. Code § 36-9-2-5 (1980). The parties agree that this appeal involves the common-law doctrine of public dedication, through which property may be turned over to the public for its use and maintenance. There are two elements of common-law public dedication: (1) the intent of the owner to dedicate and (2) acceptance by the public of the dedication. *Lagro Twp. v. Bitzer*, 999 N.E.2d 902, 904 (Ind. Ct. App. 2013).

Intent to dedicate may be express or implied. *McAllister v. Sanders*, 937 N.E.2d 378, 383 (Ind. Ct. App. 2010). Implied dedication arises from the acts of the owner, but the acts relied upon to establish the intent to dedicate must be clear, convincing, and unequivocal. *Id.*

Public acceptance may be implied from the use of the land. *Lagro Twp.*, 999 N.E.2d at 905. Evidence of public acceptance includes "obvious, convenient, or frequent and long-continued use." *Cleveland, C., C. & St. L. Ry. Co. v. Christie*, 178 Ind. 691, 100 N.E. 299, 301 (1912). Acceptance may be shown by public use without any public work on the property. *McClaskey v. McDaniel*, 37 Ind. App. 59, 74 N.E. 1023, 1027 (1905).

Here, the developers filed a subdivision plat, which the Town approved. The plat included a dedication clause that addressed streets, alleys, and "public open spaces," which they dedicated to the public. The developers subsequently constructed sidewalks and streets which they connected to the Town's existing streets. This evidence establishes a dispute of material fact as to whether the developers intended to dedicate the streets and sidewalks to the public.

The Town notes that the plat does not include sidewalks and asserts that they are thus not addressed by the plat's dedication clause. Viewing the facts in the light most favorable to the Stewarts, the phrase "public open spaces" as used in the plat could reasonably be interpreted to include any sidewalks.

In addition, there are disputes of material fact as to whether the public has accepted the subdivision's streets and sidewalks. The streets and sidewalks are open to the public. The Town negotiated with the developer to control how the subdivision

4

would be built. Furthermore, Town employees access the subdivision's streets and sidewalks on an annual basis when they inspect sewer and water pipes and related fixtures. *See McAllister*, 937 N.E.2d at 384 (determining that an alley had been accepted by the public where access was unrestricted and it was used by the public on occasion).

The court did not err in denying the Town's motion for summary judgment. The case must be remanded to the trial court for adjudication by the finder of fact.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court and remand for further proceedings.

Affirmed and remanded.

FRIEDLANDER, J., and RILEY, J., concur.